PER CURIAM.
In this Anders[1] appeal, counsel for Anthony Smith contends that remand is required to correct several sentencing errors related to Smith’s guilty plea to one count of robbery in case number CRC01-06073CFANO. Of the three points Smith raised in a motion filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2),[2] we agree with only one — the written sentencing order should be corrected to conform to the trial court’s oral *64 pronouncement. Otherwise, the conviction and sentence are affirmed.
At a sentencing hearing before Judge Luce, Smith pleaded guilty to one count of robbery in case number CRC01-06073CFANO, one count of robbery in case number CRC01-06072CFANO, and three counts of robbery in case number CRC01-03019CFANO. The information in CRC01-03019CFANO had alleged a total of eight counts arising from criminal acts that included robbery at gunpoint. Prior to the sentencing hearing before Judge Luce, Smith was tried and convicted on counts one and eight in CRC01-03019CFANO, for which he received thirty-year sentences to be served concurrently. Also prior to the sentencing hearing, Smith was separately tried and convicted on count five, for which he received a life sentence to be served concurrently with the sentence for count one. Count seven is not at issue in this appeal.
At the sentencing hearing, count six in CRC01-03019CFANO was disposed of when Smith pleaded guilty to petit theft and was sentenced to time served. Five counts of robbery remained: counts two, three, and four in CRC01-03019CFANO; the single count in CRC01-06072CFANO; and the single count in CRC01-06073CFA-NO. Judge Luce proposed to sentence Smith to ten years for each count of robbery, each term to be served consecutively for a total of fifty years. This fifty-year sentence, in turn, would run concurrently with the sentences imposed after Smith’s two previous trials. Smith agreed to this sentence and entered his plea.
The written sentencing order correctly reflects imposition of the ten-year sentence for robbery. Further, this sentencing order correctly states that the sentence shall run consecutively to the sentence imposed in CRC01-06072CFANO. However, it states that the sentence “shall run consecutive with the following ... sentenee[]: CRC01-03019CFANO.” It does not distinguish between the sentences in CRC01-03019CFANO that are to be served concurrently and those that are to be served consecutively. Therefore, consistent with the trial court’s oral pronouncement, the written sentencing order must be corrected to reflect that the sentence imposed shall run consecutively to the sentences imposed for counts two, three, and four in CRC01-03019CFANO and concurrently with the sentences imposed for counts one, five, and eight in CRC01-03019CFANO. See Tatum v. State, 805 So.2d 949, 949 (Fla. 2d DCA 2001). Smith need not be present for this correction of sentence. See Windisch v. State, 709 So.2d 606, 607 (Fla. 2d DCA 1998).
Conviction affirmed; remanded to correct written sentencing order.
FULMER and WALLACE, JJ., and DANAHY, PAUL W., Senior Judge, Concur.

. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In re Appellate Court Response to Anders Briefs, 581 So.2d 149 (Fla.1991).

. It appears from the record that the trial court did not rule on the motion within sixty days. Accordingly, we treat the motion as denied. See O'Neill v. State, 841 So.2d 629, 629 (Fla. 2d DCA 2003); Jackson v. State, 793 So.2d 117, 118 (Fla. 2d DCA 2001).