SILBERMAN, Judge.
In this belated appeal, William Kiely challenges his corrected sentences in five cases.[1] We affirm in all respects but write to address Kiely’s arguments that the trial court improperly imposed corrected sentences (1) without Kiely being present; (2) by departing from the sentencing guidelines without giving reasons for the departures; and (3) by departing from the sentencing guidelines in violation of Kiely’s plea agreement.
First, Kiely did not have a right to be present at the hearing at which his sentences were corrected because the trial court merely performed the ministerial function of imposing sentences that had already been pronounced. See Smith v. State, 870 So.2d 61, 63, 2003 WL 22514546, 2003 WL 22514609 (Fla. 2d DCA Nov. 7, 2003); Windisch v. State, 709 So.2d 606 (Fla. 2d DCA 1998).
Second, the issue of whether the trial court erred by not giving reasons for departure sentences as required by section 921.0016(c), Florida Statutes (1997), has not been preserved for appeal. Kiely’s trial counsel did not object to the sentences at the time of sentencing, and Kiely did not raise this issue in a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b). See § 924.051, Fla. Stat. (1997); Fla. R.App. P. 9.140(b)(2)(A)(ii)(d); Maddox v. State, 760 So.2d 89 (Fla.2000); Johnson v. State, 697 So.2d 1245 (Fla. 1st DCA 1997).
Third, the issue of whether the trial court’s departure from the sentencing guidelines violated the plea agreement also has not been preserved for appeal. Kiely did not file a motion to withdraw his plea as required by Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)(b). See Wallace v. State, 835 So.2d 1281, 1282 (Fla. 2d DCA 2003).
Accordingly we affirm without prejudice to any right Kiely may have to file a timely, non-successive, facially sufficient motion for ineffective assistance of trial counsel or a timely, facially sufficient petition alleging ineffective assistance of ap *97 pellate counsel.[2]
Affirmed.
NORTHCUTT and SALCINES, JJ., Concur.

. By prior order we granted Kiely’s petition to allow him to proceed with this belated, direct appeal from the trial court's corrected sentencing orders of May 4, 1998, in trial court case numbers 91-168, 96-403, 97-619, 97-620, and 97-621.

. The parties acknowledge that Kiely has previously filed motions for postconviction relief that have been decided on the merits. Should Kiely file additional postconviction motions, this opinion shall not be construed as precluding the trial court from determining whether such motions are successive. See Fla. R.Crim. P. 3.850(f). Further, our opinion shall not be construed as suggesting that Kiely’s appellate counsel in this proceeding has been ineffective.