870 So.2d 938 (2004)
STATE of Florida, Appellant,
v.
Kevin C. WILLIAMS, Appellee.
No. 5D03-1419.
District Court of Appeal of Florida, Fifth District.
April 23, 2004.
*939 Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellee.
PLEUS, J.
The State appeals from a sentencing order, claiming the trial court imposed an illegal downward departure sentence. The State argues that the record fails to support the three grounds specified by the court when it departed, sentencing the defendant to 39 months imprisonment, rather than the minimum of 78 months imprisonment called for by the sentencing guidelines.
We agree that the first two grounds for downward departure are infirm as not supported by sufficient evidence in the record. However, this court is bound to sustain a departure sentence if any reason given by the trial court is valid. State v. Tyrrell, 807 So.2d 122 (Fla. 5th DCA 2002). We conclude that the non-statutory ground given, diminished capacity, is a valid legal basis for a downward departure and is supported by sufficient evidence of record.
The Florida Supreme Court has held that evidence of abnormal mental condition not constituting legal insanity is inadmissible for purposes of negating specific intent or state of mind necessary to prove a criminal offense. Chestnut v. State, 538 So.2d 820 (Fla.1989). The court further explained:
Persons with less serious mental deficiencies should be held accountable for their crimes just as everyone else. If mitigation is appropriate, it may be accomplished through sentencing.
538 So.2d at 825 (emphasis added).
This is just such a case, because it is one in which diminished mental capacity constitutes a valid legal ground for mitigation at sentencing. There was ample evidence that the defendant suffers from diminished mental capacity as well as significant physical problems. The defendant scored 68 and 70 on his IQ tests. He has memory, concentration and attention problems. The defendant is morbidly obese with a pronounced difficulty in walking. He uses a cane and appears to *940 have some long-standing orthopedic malformation of his legs and/or feet. The defendant lives with his mother and has received Social Security Supplemental Income for many years. There was evidence that the defendant receives treatment and therapy on his legs, back and spine. He is very reliant on his mother, who sometimes helps him dress and who prepares his meals. The defendant was deemed minimally competent to stand trial. Witnesses at the sentencing hearing testified that the defendant would not hold up well under incarceration, that from an emotional and physical standpoint, he could not handle prison.
The trial court saw the defendant and made a judgment call, based on sufficient evidence, that under the circumstances, a downward departure was the best sentencing option. Based on the record evidence, we find no abuse of discretion.
SENTENCE AFFIRMED.
SAWAYA, C.J., and PALMER, J., concur.