PALMER, J.
James King timely appeals his sentence which was imposed following the trial court’s grant of King’s rule 3.800(a)[1] motion to correct an illegal sentence. Concluding that the alleged error was not properly preserved in the trial court, we affirm.
The jury found King guilty of committing nine separate offenses, and the trial court sentenced him as a habitual felony offender on each count. King subsequently filed a rule 3.800(a) motion to correct sentencing error arguing that the habitual offender sentences were improper. The trial court agreed and ordered a resen-tencing hearing. During the hearing, the court reduced the sentencing on eight counts, but reimposed the life sentence on the ninth count. The sentences imposed were departure sentences and the record demonstrates that no oral or written reasons for departure were given.
Because the sentences constituted guideline departure sentences, the reason(s) for departure were required to be set forth in writing. See § 921.001(5) & (6), Fla. Stat. (1994). However, King failed to preserve this claim of sentencing error for appellate review. In that regard, at no time did defense counsel raise the issue to the trial court, either at sentencing or before the time for filing written reasons had expired. Defense counsel also did not file a rule 3.800(b) motion raising this issue. This court has held that a sentencing error cannot be raised on appeal unless the error has first been brought to the attention of the trial court at the time of sentencing or by motion pursuant to Florida Rule of Criminal Procedure 3.800(b). See State v. Hamner, 816 So.2d 810 (Fla. 5th DCA 2002). Accordingly, King’s claim of sentencing error was not preserved for appellate review. See Fla. R.App. P. 9.140(e); see also Brannon v. State, 850 So.2d 452 (Fla.2003)(holding that defendant’s failure to preserve a fundamental sentencing error by motion under rule 3.800(b) or by objection during the sentencing hearing forecloses a defendant from raising the error on direct appeal); Kiely v. State, 884 So.2d 95 (Fla. 2d DCA 2004)(holding that the issue of whether the trial court erred by not giving reasons for departure sentences had not been preserved for appeal when counsel did not object to the sentence at the time of the sentencing and did not raise the issue in a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)).
King asserts that the issue was preserved because defense counsel made it clear during the sentencing hearing that he was advocating a sentence within the guidelines and that there was no basis to depart therefrom. We disagree. Never once did defense counsel raise to the trial court the issue of its failure to provide written reasons for the departure. After striking the habitual offender portion of the sentence, the trial court could have properly imposed a departure sentence at the resentencing, had it done so according to the rules allowing departure. See Lovett v. State, 773 So.2d 574 (Fla. 3d DCA 2000). Nothing about the argument during the resentencing hearing apprised the trial court that its failure to provide writ *507 ten or oral departure reasons was reversible error. King’s failure to bring the error to the court’s attention left the error unpreserved for appellate review.
AFFIRMED.
THOMPSON and PLEUS, JJ., concur.

. See Fla.R.Crim.P. 3.800(a).