992 So.2d 294 (2008)
STATE of Florida, Appellant,
v.
Thomas Blain RESH, Appellee.
No. 5D07-3103.
District Court of Appeal of Florida, Fifth District.
September 19, 2008.
Rehearing Denied October 10, 2008.
Bill McCollum, Attorney General, Tallahassee, and Carlos A. Ivanor, Jr., Assistant Attorney General, Daytona Beach, for Appellant.
James S. Purdy, Public Defender, and Ailene S. Rogers, Assistant Public Defender, Daytona Beach, for Appellee.
*295 COHEN, J.
The State challenges the trial court's downward departure sentence and refusal to score victim injury points on Thomas Blain Resh's Criminal Punishment Code Scoresheet. We affirm.
This case arises from the tragic death of a thirteen-year-old boy who was struck and killed while crossing the road after Resh ran a red light. Resh fled the scene, but ultimately turned himself in to the police two weeks later. After Resh pled guilty to leaving the scene of an accident involving death, tampering with physical evidence, and operating a vehicle without a driver's license causing death, the trial court scheduled sentencing.
At sentencing, the trial court orally pronounced that it was imposing a downward departure sentence. The State objected to the downward departure from the sentencing guidelines, but not the refusal to add victim injury points. In its written order, the trial court explained the reasons for its downward departure and also its refusal to score victim injury points. Although arguing on appeal that the trial court erred in not adding victim injury points, the State never contemporaneously objected. The State's failure to bring this error to the attention of the trial court precludes it from raising the issue now. See Fla. R.App. P. 9.140(e).
The State also challenges the trial court's basis for the downward departure from the sentencing guidelines. A trial court's decision to impose a downward departure sentence requires a two-step analysis. First, it must determine whether there is a valid legal ground supported by adequate facts. Banks v. State, 732 So.2d 1065, 1067 (Fla.1999). This is a mixed question of fact and law that will be sustained if the correct rule of law was applied and it is supported by competent, substantial evidence. Id. Second, the trial court must determine whether the downward departure is the best sentencing option for the defendant. Id. at 1068. This is reviewed for an abuse of discretion. Id.
The trial court gave two reasons for its downward departure. First, that Resh's capacity to appreciate the criminal nature of his conduct or conform his conduct to the requirements of law was substantially impaired. Second, that the offense was an isolated incident that was committed in an unsophisticated manner for which Resh had shown remorse. Both of these reasons are statutory bases and, therefore, permissible legal grounds to downwardly depart. See § 921.0026(c), (j), Fla. Stat. (2005). Thus, it must be determined whether competent, substantial evidence supports either of these grounds. See § 921.001(6), Fla. Stat. (2005) (where at least one reason justifies a downward departure, it will be upheld even though other reasons are invalid); State v. Clay, 780 So.2d 269 (Fla. 5th DCA 2001).
This court must affirm the downward departure based on the trial court's finding that Resh's capacity to appreciate the criminal nature of his conduct was substantially impaired. The trial court found that Resh's judgment and decision making were on the same level as an elementary school child. The trial court also found that Resh suffered from severe mental deficiencies, including significant memory problems, and had only the most basic level of cognitive/neuropsychological functioning. These findings were amply supported by a psychologist's written report containing her clinical observations and indicating that Resh was borderline mentally retarded based on his I.Q. test score of 75. Accordingly, it was not an abuse of discretion to impose a downward departure sentence on this basis. See State v. Williams, 870 So.2d 938 (Fla. 5th DCA 2004) (affirming *296 downward departure based on diminished mental capacity where the defendant scored 68 and 70 on I.Q. tests, had memory, concentration, and attention problems, as well as significant physical problems).
AFFIRMED.
PLEUS and LAWSON, JJ., concur.