WHATLEY, Judge.
 

 Matthew Vantine appeals his judgments and sentences imposed after he admitted violating his probation for the underlying offenses of three counts of burglary of a dwelling, burglary of a structure, burglary of a conveyance, and grand theft of a motor vehicle.
 
 See
 
 §§ 810.02(3)(b); 810.02(4)(a), (b); 812.014(2)(c)(6), Fla. Stat. (2006). He preserved the right to appeal the issue of whether his sentences were illegal.
 
 See
 
 Fla. R. App. P. 9.140(b)(2)(A)(ii)(d). We affirm in part and reverse in part.
 

 Mr. Vantine originally pleaded to the underlying offenses in exchange for a sentence of two years of prison followed by two years of community control and one year of probation. He subsequently violated his community control, resulting in modification to a new term of three years of probation with no change to his youthful offender status. Thereafter, Mr. Vantine admitted violating probation condition three by changing his residence without permission and leaving Pinellas County without permission, condition four by possessing a “Pepper Taser,” and condition eleven by refusing to submit to a drug test. In addition to admitting these tech
 
 *352
 
 nical violations, he admitted violating condition five by failing to live without violating the law, after he told an officer that he would not take a drug test because it would be positive for marijuana. Mr. Van-tine’s admission that he would test positive for marijuana constitutes a substantive violation of probation.
 
 See Swilley v. State,
 
 781 So.2d 458, 461 (Fla. 2d DCA 2001). The trial court revoked Mr. Vantine’s youthful offender status and sentenced him to ninety-nine months for each of the six underlying offenses, concurrent.
 

 Mr. Vantine argues, and the State concedes, that the trial court erred in revoking his youthful offender status. We agree. Once a trial court has imposed a youthful offender sentence, it must continue that status on resentencing after violation of the defendant’s youthful offender commitment.
 
 Blacker v. State,
 
 49 So.3d 785, 788 (Fla. 4th DCA 2010). Mr. Van-tine’s youthful offender status could not be revoked upon violation of probation.
 
 See id.
 
 at 788-89. Accordingly, we reverse the revocation of his youthful offender designation.
 

 Mr. Vantine also challenges his sentence. As a youthful offender with a substantive violation for which he was not separately charged and convicted, he could be sentenced to no longer than the maximum sentence for each offense.
 
 See
 
 § 958.14, Fla. Stat. (2006).
 
 [1]
 
 The trial court properly sentenced him to ninety-nine months for the three second-degree-felony burglaries of a dwelling that carry fifteen-year maximum sentences. See § 775.082(3)(c), Fla. Stat. (2006); § 810.02(3)(b). However, the ninety-nine-month sentences for burglary of a structure, burglary of a conveyance, and grand theft of a motor vehicle were illegal because they are third-degree felonies that carry five-year maximum sentences.
 
 See
 
 §§ 775.082(3)(d); 810.02(4)(a), (b); 812.014(2)(c)(6).
 

 We affirm the sentences for the second-degree felonies, but we reverse the sentences for the third-degree felonies and remand for resentencing on those counts within the five-year máximums. We reverse the revocation of Mr. Vantine’s youthful offender status and remand for reinstatement of that status.
 

 Affirmed in part, reversed in part, and remanded.
 

 CASANUEVA and BLACK, JJ„ Concur.
 

 [1]
 

 . Section 958.14, provides as follows:
 

 [N]o youthful offender shall be committed to the custody of the department for a substantive violation for a period longer than the maximum sentence for the offense for which he or she was found guilty, ... or for a technical or nonsubstantive violation for a period longer than 6 years or for a period longer than the maximum sentence for the offense for which he or she was found guilty, whichever is less, with credit for time served while incarcerated.