EVANDER, J.
In 2008, Long was sentenced as a youthful offender on two counts of robbery to concurrent sentences of two years in prison followed by four years probation. In 2011, Long admitted to violating his probation by committing a new criminal offense. The trial court revoked Long’s probation and sentenced him to concurrent sentences of five years in prison. In doing so, the trial court also revoked Long’s youthful offender designation. On appeal, Long does not challenge the length of his sentences, but does contest the removal of his youthful offender designation. The State properly concedes error.
Once a circuit court has imposed a youthful offender sentence, it must con *998 tinue that status even upon resentencing after a substantive violation of probation. Christian v. State, 84 So.3d 437, 442-43 (Fla. 5th DCA 2012); see also Mosley v. State, 77 So.3d 877, 877 (Fla. 2d DCA 2012). A defendant’s status as a youthful offender matters in part because it affects the defendant’s classification within the prison system and the programs and facilities to which the defendant can be assigned. Blacker v. State, 49 So.3d 785, 787 n. 2 (Fla. 4th DCA 2010); see also § 958.11, Fla. Stat. (2008).
On remand, the trial court shall correct the sentencing documents to reflect the continuation of Long’s youthful offender designation.
REVERSED and REMANDED for correction of sentencing documents.
LAWSON and COHEN, JJ., concur.