PALMER, J.
Marc Mediate (defendant) appeals his departure sentence which was entered by the trial court upon review of his rule 3.800(a) post-conviction motion.[1] We affirm.
The defendant, while still a minor, committed the crimes of kidnapping and four counts of sexual battery. He was sentenced to a term of life in prison on the *705 kidnapping conviction and four concurrent 30-year terms of imprisonment on the sexual battery convictions. The defendant’s convictions and sentences were affirmed on direct appeal as well as on numerous collateral appeals.
In November 2010, the defendant filed a rule 3.800(a) motion to correct sentence, arguing that his life sentence on the kidnapping conviction violated Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), which held that, under the cruel and unusual punishment clause of the Eighth Amendment to the U.S. Constitution, a juvenile offender cannot be sentenced to life imprisonment without the possibility of parole for committing a non-homicide crime. The trial court granted the motion, vacated the defendant’s life sentence, and held a re-sentencing hearing. The trial court then re-sentenced the defendant, imposing a departure sentence of 130 years’ imprisonment, concurrent with the sentences previously imposed on the four sexual battery convictions.
The defendant argues that the trial court’s departure sentence must be reversed because (1) the trial court’s written departure order is legally deficient, and (2) each of the four reasons stated by the court to justify imposing a departure sentence are invalid. We disagree.
The defendant first maintains that the trial court’s written sentencing order is legally deficient because it fails to set forth any facts to support the court’s departure reasons. The State properly responds by arguing that this claim of error has been waived for purposes of appellate review because the defendant failed to raise the claim in the trial court.
In King v. State, 904 So.2d 505 (Fla. 5th DCA 2005), our court recognized that valid reasons supporting a sentencing departure are statutorily required to be set forth in writing, but held that a party must preserve the right to challenge this sentencing error on appeal by raising the issue first in the trial court. Accord State v. Resh, 992 So.2d 294 (Fla. 5th DCA 2008). Here, the defendant is raising the issue of the trial court’s failure to set forth written reasons for departure for the first time on appeal; therefore, we reject this claim of error as waived.
The defendant next contends that the trial court’s reasons for entering its upward departure sentence are invalid. However, the State is correct that appellate consideration of this claim of error is barred by the law of the case doctrine.
The law of the case doctrine prevents the litigation of issues which were actually decided in a prior appeal. State v. McBride, 848 So.2d 287, 289-90 (Fla.2003). On re-sentencing in the instant case, the trial court orally stated four reasons for imposing a departure sentence. All four reasons echoed the reasons used by the trial court when imposing the defendant’s original departure sentence, and those reasons were challenged by the defendant, but affirmed by this court, in his direct appeal. Thus, the law of the case doctrine precludes the defendant from seeking a second review of the trial court’s departure reasons. See Isom v. State, 800 So.2d 292 (Fla. 3d DCA 2001) (holding that, under the doctrine of law of the ease, defendant was precluded from obtaining collateral relief on his claim that the trial court improperly departed from sentencing guidelines where his sentence was previously affirmed by the appellate court); Raley v. State, 675 So.2d 170 (Fla. 5th DCA 1996) (holding that law of the case doctrine precluded appellate court from reviewing the defendant’s post-conviction claim that his sentence was illegal where that court had previously reviewed and rejected the same claim).
*706 The defendant next argues that his sentence of 130 years’ imprisonment violates Graham because, although the sentence is for a term of years, the sentence is the functional equivalent of a life sentence.[2] In so arguing, the defendant properly recognizes this court’s decision in Henry v. State, 82 So.3d 1084 (Fla. 5th DCA 2012), which held that Graham does not apply to lengthy aggregate term-of-years sentences. However, he cites cases from the First District that conflict with the ruling in Henry, and invites this court to reconsider Henry. See Adams v. State, — So.3d -(Fla. 1st DCA 2012); Floyd v. State, 87 So.3d 45 (Fla. 1st DCA 2012).
In Henry, the juvenile defendant appealed his collective sentences of 90 years’ imprisonment, contending that they violated the constitutional prohibition against cruel and unusual punishment under Graham. Our court rejected this argument, reasoning:
In this appeal, Henry contends that his current sentence constitutes a de facto sentence of life without the possibility of parole and that such a sentence meets the test of cruel and unusual punishment under Graham. Although the time that Henry is to serve can be shortened through incentive and meritorious gain-time, under Florida law, he must serve eighty-five percent; therefore, Henry should serve at least 76.5 years. Henry has filed a National Vital Statistics Report as supplemental authority, suggesting that his life expectancy at birth by race and sex is 64.3 years. Henry argues that because he is going to have to serve more years in prison than, statistically, he is expected to live, his sentence is an unconstitutional de facto life sentence.
[[Image here]]
If we conclude that Graham does not apply to aggregate term-of-years sentences, our path is clear. If, on the other hand, under the notion that a term-of-years sentence can be a de facto life sentence that violates the limitations of the Eighth Amendment, Graham offers no direction whatsoever. At what number of years would the Eighth Amendment become implicated in the sentencing of a juvenile: twenty, thirty, forty, fifty, some lesser or greater number? Would gain time be taken into account? Could the number vary from offender to offender based on race, gender, socioeconomic class or other criteria? Does the number of crimes matter? There is language in the Graham majority opinion that suggests that no matter the number of offenses or victims or type of crime, a juvenile may not receive a sentence that will cause him to spend his entire life incarcerated without a chance for rehabilitation, in which case it would make no logical difference whether the sentence is “life” or 107 years. Without any tools to work with, however, we can only apply Graham as it is written. If the Supreme Court has more in mind, it will have to say what that is. We conclude that Henry’s aggregate term-of-years sentence is not invalid under the Eighth Amendment and affirm the decision below.
82 So.3d at 1086-89 (footnotes omitted). Accord Walle v. State, 99 So.3d 967 (Fla. 2d DCA 2012). We reject the defendant’s invitation to revisit Henry and, therefore, we affirm his departure sentence. We agree, however, with the sentiment expressed by Judge Wolf in his dissent in Gridine v. State, 89 So.3d 909, 911 (Fla. *707 1st DCA 2011), that Florida courts are not in a position to address the concerns raised by Graham since no parole system is in place for juveniles, and that only the legislature has the authority to create a provision for parole. Hopefully, the legislature will do so in light of Graham.
AFFIRMED.
LAWSON and COHEN, JJ„ concur.

. See Fla. R. Crim. P. 3.800(a).

. The defendant acknowledges that the gain time provisions in effect at the time he committed his crimes may enable him to complete his sentence within 45 years. As such, the 130-year sentence does not appear to be the functional equivalent of a life sentence.