CIKLIN, J.
Gerardo Guzman challenges his sixty-year sentence for violation of his probation. He claims that the sentence violates the Eighth Amendment’s prohibition of cruel and unusual punishment in light of Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). Because we find that Graham strictly addressed actual life sentences — and not lengthy term-of-years sentences that might constitute a de facto sentence of life — we affirm Guzman’s sentence. We certify both conflict with the First District Court of Appeal and two questions to be of great public importance.
Guzman committed multiple violent crimes at the age of fourteen. Upon his open guilty plea to all charges, the trial court sentenced Guzman to, among other things, juvenile probation to be followed by adult probation for the charge of burglary of a conveyance with an assault or battery. After Guzman turned eighteen, a jury convicted him of kidnapping. The trial court imposed a life sentence for this conviction. Based upon the testimony the trial court heard regarding the kidnapping, the trial court also revoked Guzman’s probation and sentenced him to a concurrent term of life in prison.
Guzman appealed both life sentences. This court affirmed the life sentence for the kidnapping conviction, but reversed the life sentence for the violation of probation because Guzman had committed the original underlying offense, burglary, when he was a minor. See Guzman v. State, 68 So.3d 295 (Fla. 4th DCA 2011). We found that, based on Graham, the trial court could not impose a life sentence for a minor who committed a non-homicide offense. Id. at 297-98. We remanded the case to the trial court to craft a non-life imprisonment sentence as to Guzman’s violation of probation that comported with the holding in Graham. Id. at 298.
Upon remand, the trial court sentenced Guzman to sixty years for the violation of probation. Guzman now appeals this sentence, claiming that it amounts to a de facto life sentence and thus violates the precepts of Graham. Because we believe that the express holding of Graham established a bright-line and all-encompassing prohibition on actual life sentences without the possibility of parole for non-homicide juvenile offenses, we hold that Guzman’s sixty-year sentence was not unconstitutional under the Eighth Amendment.
We review the constitutionality of this sentence de novo. See id. at 297.
*482 In Graham, the United States Supreme Court held that “[t]he Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide.” Graham, 130 S.Ct. at 2034. As we previously held in Guzman’s last appeal, Graham controls the sentence for violation of probation because he committed the underlying crime, burglary, when he was fourteen.
Guzman argues that his sixty-year sentence constitutes a de facto life sentence and is therefore cruel and unusual punishment as understood in Graham. We begin our analysis by observing the simple fact that the Court in Graham did not address the concept of a de facto life sentence. Instead, “Graham fashioned a bright line rule prohibiting the imposition of [an actual] life sentence without parole on a person who commits an offense, other than a homicide, while under the age of eighteen.” Guzman, 68 So.3d at 298.
The Fifth District has addressed the difficulties inherent in the concept of a de facto life sentence:
If we conclude that Graham does not apply to aggregate term-of-years sentences, our path is clear. If, on the other hand, under the notion that a term-of-years sentence can be a de facto life sentence that violates the limitations of the Eighth Amendment, Graham offers no direction whatsoever. At what number of years would the Eighth Amendment become implicated in the sentencing of a juvenile: twenty, thirty, forty, fifty, some lesser or greater number? Would gain time be taken into account? Could the number vary from offender to offender based on race, gender, socioeconomic class or other criteria? Does the number of crimes matter? There is language in the Graham majority opinion that suggests that no matter the number of offenses or victims or type of crime, a juvenile may not receive a sentence that will cause him to spend his entire life incarcerated without a chance for rehabilitation, in which case it would make no logical difference whether the sentence is “life” or 107 years. Without any tools to work with, however, we can only apply Graham as it is written. If the Supreme Court has more in mind, it will have to say what that is.
Henry v. State, 82 So.3d 1084, 1089 (Fla. 5th DCA 2012) (footnotes omitted); see also Mediate v. State, 108 So.3d 703 (Fla. 5th DCA 2013). In Henry, the Fifth District interpreted Graham as only applying to actual life sentences without parole, and not to term-of-years sentences, regardless of the length, and affirmed the defendant’s ninety-year sentence. Henry, 82 So.3d at 1089; see also Walle v. State, 99 So.3d 967, 973 (Fla. 2d DCA 2012) (affirming a ninety-two-year sentence, reasoning “[l]ike the Fifth District in Henry, we conclude that we must apply Graham as written ... ”).[1]
The First District has taken different approaches. In Thomas v. State, 78 So.3d 644, 646-47 (Fla. 1st DCA 2011), the court held that “at some point, a term-of-years sentence may become the functional equivalent of a life sentence” but affirmed the defendant’s fifty-year sentence. See also Gridine v. State, 89 So.3d 909, 911 (Fla. 1st DCA 2011) (repeating that a term-of-years sentence may become a de facto life sentence but holding that the seventy-year sentence did not reach that point). In Floyd v. State, 87 So.3d 45, 46 (Fla. 1st DCA 2012), the First District reversed an *483 eighty-year sentence, finding it to be the functional equivalent of a life sentence without parole. Two months later, however, the First District affirmed an eighty-year sentence under Graham. Smith v. State, 93 So.3d 371, 374-75 (Fla. 1st DCA 2012). Finally and most recently, in Adams v. State, — So.3d — (Fla. 1st DCA 2012), the First District reluctantly reversed the defendant’s sixty-year sentence and in doing so certified conflict with the Fifth District’s Henry decision and also certified two questions to the Florida Supreme Court regarding the application of Graham to a term-of-years sentence.
We agree with the Fifth District’s Henry and the Second District’s Walle decisions. While we understand the temptation to acknowledge that certain term-of-years sentences might constitute “de fac-to” life sentences, we are compelled to apply Graham as it is expressly worded, which applies only to actual life sentences without parole. Without further guidance from our supreme court or the United States Supreme Court, it is logistically impossible to determine what might or might not constitute a de facto life sentence— assuming such a concept is to be considered in the first instance. We should not burden our trial courts by directing them to function as actuaries in determining each individual defendant’s particularized life expectancy and thereupon craft a sentence which does not run afoul of Graham.[2]
Until such time as we receive further instruction, the only reasonable path is to abide by the plain wording of Graham and find that it does not apply to a term-of-years sentence.
Accordingly, we affirm Guzman’s sentence. We certify conflict with Adams, Smith, Floyd, Gridine, and Thomas. Further, we certify the following questions to the Florida Supreme Court:[3]
1. DOES GRAHAM V. FLORIDA, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), APPLY TO LENGTHY TERM-OF-YEARS SENTENCES THAT AMOUNT TO DE FACTO LIFE SENTENCES?
2. IF SO, AT WHAT POINT DOES A TERM-OF-YEARS SENTENCE BECOME A DE FACTO LIFE SENTENCE?

Affirmed; conflict certified; questions certified.

WARNER and LEVINE, JJ., concur.

. We are aware that the sentences in Henry and Watte involved aggregate sentences, i.e., consecutive sentences, but we find no rationale why their reasoning should not apply to a single, term-of-years sentence as well.

. In Graham, the Court ultimately held that for non-homicide offenses, juveniles cannot receive a life sentence without "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation.” 130 S.Ct. at 2030. Because Florida has abolished parole, every life sentence for a juvenile non-homicide offense prohibits an early release and is therefore violative of the holding in Graham.

. The First District certified these questions in Adams, and we find no basis to improve upon the wording.