DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HERBERT MICHEL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D12-4369

[February 25, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Edward H. Fine, Judge; L.T. Case No. 502010CF010834 AXXXMB.

Antony P. Ryan, Regional Counsel, and Richard G. Bartmon, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

In this appeal, defendant challenges his conviction for attempted first degree murder with a firearm, arguing that (1) trial counsel's failure to renew his *Melbourne*[1] objections amounts to ineffective assistance of counsel that is apparent from the face of the record; (2) the trial judge denied him a fair trial by assuming the role of prosecutor; and (3) his forty-year prison sentence, which was ordered to be served consecutively to a previously-imposed nineteen-year sentence, runs afoul of the principles in *Graham v. Florida*, 560 U.S. 48 (2010). We affirm as to points (1) and (2) without further comment. As for defendant's *Graham* argument, consistent with our prior decisions on this matter, we hold that *Graham* does not preclude a term-of-years sentence, even where such sentence amounts to a "de facto" life sentence. *See Guzman v. State*, 110 So. 3d 480, 483 (Fla. 4th DCA 2013) ("While we understand the temptation to acknowledge that certain term-of-years sentences might constitute 'de

[1] *Melbourne v. State*, 679 So. 2d 759 (Fla. 1996).

facto' life sentences, we are compelled to apply *Graham* as it is expressly worded, which applies only to actual life sentences without parole."). We recognize that the First District has taken a contrary view, and, consistent with our prior decisions, we certify conflict with *Thomas v. State*, 78 So. 3d 644, 646–47 (Fla. 1st DCA 2011), and certify the following questions to the Florida Supreme Court:

1. DOES *GRAHAM V. FLORIDA*, 560 U.S. 48, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010), APPLY TO LENGTHY TERM–OF–YEARS SENTENCES THAT AMOUNT TO DE FACTO LIFE SENTENCES?

2. IF SO, AT WHAT POINT DOES A TERM–OF–YEARS SENTENCE BECOME A DE FACTO LIFE SENTENCE?

*See, e.g.*, *Cameron v.* State, 144 So. 3d 631 (Fla. 4th DCA 2014); *Bucknor v. State*, 138 So. 3d 546 (Fla. 4th DCA 2014); *Tindall v. State*, 138 So. 3d 545 (Fla. 4th DCA 2014).

*Affirmed; conflict certified; questions certified.*

STEVENSON, MAY and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2