# Supreme Court of Florida

————————

No. SC13-687

————————

**GERARDO GUZMAN,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[January 28, 2016]

PERRY, J.

This case is before the Court for review of the decision of the Fourth District

Court of Appeal in Guzman v. State, 110 So. 3d 480, 481 (Fla. 4th DCA 2013).  In

its decision, the Fourth District certified two questions of great public importance:

> 1. DOES GRAHAM V. FLORIDA, 560 U.S. 48, 130 S. Ct.
> 2011, 176 L. Ed. 2d 825 (2010), APPLY TO LENGTHY TERM–OF–
> YEARS SENTENCES THAT AMOUNT TO DE FACTO LIFE
> SENTENCES?
> 2. IF SO, AT WHAT POINT DOES A TERM–OF–YEARS
> SENTENCE BECOME A DE FACTO LIFE SENTENCE?

Guzman, 110 So. 3d at 483.  We have jurisdiction.  See art. V, § 3(b)(4), Fla.

Const.

We have previously answered the first certified question in the affirmative. See <u>Henry v. State</u>, 40 Fla. L. Weekly S147 (Fla. March 19, 2015); <u>Gridine v. State</u>, 40 Fla. L. Weekly S149 (Fla. March 19, 2015).

We decline to address the second certified question. Therefore, we discharge jurisdiction in this case.

It is so ordered.

LABARGA, C.J., and LEWIS, QUINCE, CANADY, and POLSTON, JJ., concur. PARIENTE, J., concurs with an opinion.

NO MOTION FOR REHEARING WILL BE ALLOWED.

PARIENTE, J., concurring.

I agree that discharging jurisdiction is appropriate in this case. I write to explain why.

When he was fourteen years of age, Petitioner Gerardo Guzman committed several criminal offenses, including robbery and battery, and was charged as an adult. One of the offenses for which Guzman pled guilty—burglary of a conveyance with an assault or battery—carried a possible sentence of life imprisonment. Offering him a chance at rehabilitation, the trial court chose to, instead, sentence Guzman to a series of juvenile sanctions to be followed by a period of adult probation. Unfortunately, Guzman subsequently violated probation shortly after he turned eighteen, by committing a separate criminal offense of

kidnapping, prompting the trial court to revoke and terminate his probation and sentence Guzman to sixty years in prison.[1]

In many respects, Guzman's case sadly parallels that of Terrance Graham, another Florida defendant who likewise committed non-homicide offenses while a juvenile, was offered a chance at rehabilitation through probation, but subsequently violated that probation and received a sentence guaranteeing he would "die in prison without any meaningful opportunity to obtain release." Graham v. Florida, 560 U.S. 48, 79 (2010). But in one critical—and, indeed, dispositive—way, the two cases are nothing alike.

At the time he violated his probation, Graham was still a juvenile. See Graham, 560 U.S. at 55 ("The night that Graham allegedly committed the robbery [that amounted to a violation of probation], he was 34 days short of his 18th birthday."). Guzman, on the other hand, was not; he had already turned eighteen by the time he violated his probation for the juvenile offense by committing a kidnapping. See Guzman v. State, 68 So. 3d 295, 296 (Fla. 4th DCA 2011) ("Shortly after the defendant turned eighteen, he was charged with the kidnapping and false imprisonment of his cousin with the intent to terrorize him.").

---

1. Guzman separately received a life sentence as an adult for the substantive offense of kidnapping. That sentence is not in dispute.

If not for this key factual distinction, the United States Supreme Court's decision in Graham's case, and this Court's subsequent interpretations of it, would clearly apply here. In other words, because this Court has held in light of Graham that any sentence for a juvenile non-homicide offender that does not provide a "meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation" is unconstitutional, Guzman's sixty-year sentence would be unconstitutional and he, like Graham, would be entitled to resentencing. See Henry v. State, 175 So. 3d 675, 679 (Fla. 2015) (quoting Graham, 560 U.S. at 75).

Indeed, the legal question this Court already answered in Henry—regarding the applicability of Graham to lengthy term-of-years sentences such as Guzman's—was the dispositive question certified by the Fourth District Court of Appeal in this case. See Guzman v. State, 110 So. 3d 480, 483 (Fla. 4th DCA 2013). That underlying decision—holding that Graham applies only to sentences denominated as life imprisonment—has clearly been abrogated by Henry.

It is only because Guzman's case is removed from the purview of Graham, because the violation of probation was committed after he had become an adult, that Guzman is not entitled to be resentenced. The reasoning of Graham is, as this Court has noted, based on "the distinction between juveniles and adults." Henry, 175 So. 3d at 678. Drawing that distinction may seem arbitrary in a case such as this one, where the difference in age between Graham and Guzman at the time of

their respective violations of probation was less than a year, but the line must be drawn somewhere. Society has consistently drawn it at age eighteen. See Roper v. Simmons, 543 U.S. 551, 574 (2005) (noting that the "qualities that distinguish juveniles from adults do not disappear when an individual turns 18," but that "a line must be drawn" and the "age of 18 is the point where society draws the line for many purposes between childhood and adulthood").

Because Guzman is not entitled to relief, and because this Court has already answered the Fourth District's dispositive certified question, discharging jurisdiction is appropriate. But I write to emphasize that this Court's decision to discharge jurisdiction does not indicate that a sixty-year sentence for a juvenile non-homicide offender is constitutional under Graham.

With this understanding, I concur in the Court's opinion discharging jurisdiction.

Application for Review of the Decision of the District Court of Appeal - Certified Great Public Importance

Fourth District - Case No. 4D12-1354

(St. Lucie County)

Carol Stafford Haughwout, Public Defender, Ellen Anne Griffin, Assistant Public Defender, and James William McIntire, Assistant Public Defender, Fifteenth Judicial Circuit, West Palm Beach, Florida,

for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; Consiglia Terenzio, Bureau Chief, and Georgina Jimenez-Orosa, Senior Assistant Attorney General, West Palm Beach, Florida,

for Respondent