NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JONATHAN GOFF,                      )
                                    )
            Appellant,              )
                                    )
v.                                  )      Case No. 2D14-3517
                                    )
STATE OF FLORIDA,                   )
                                    )
            Appellee.               )
_____  )

Opinion filed July 15, 2015.

Appeal from the Circuit Court for
Hillsborough County; Daniel L. Perry,
Judge.

Howard L. Dimmig, II, Public Defender,
and Matthew D. Bernstein, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Chelsea S. Alper,
Assistant Attorney General, Tampa, for
Appellee.


SLEET, Judge.

Jonathan David Goff appeals his judgments and sentences following the

revocation of his probation in circuit court case numbers 12-CF-005317, 12-CF-017376,

12-CF-017869, and 12-CF-017927. We affirm the revocation of Goff's probation without

further comment but reverse and remand for the trial court to resentence him as a youthful offender.

On appeal, Goff alleges that the circuit court failed to continue his designation as a youthful offender after revoking his probation. Goff properly preserved this issue by filing a Florida Rule of Criminal Procedure 3.800(b)(2) motion requesting that the trial court "file an amended order and amended sentencing paperwork that correctly reflects Mr. Goff's youthful offender designation." Although the trial court ultimately granted Goff's rule 3.800(b)(2) motion, the order was rendered after the expiration of the required sixty-day period and was therefore a nullity. See Miran v. State, 46 So. 3d 186, 188 (Fla. 2d DCA 2010). The State properly conceded error on appeal.

This court has consistently held that a defendant's youthful offender status must be maintained upon resentencing for a violation of probation, even if the violation is substantive, and that revoking it is reversible error. See Yegge v. State, 88 So. 3d 1058, 1059-60 (Fla. 2d DCA 2012); Mosley v. State, 77 So. 3d 877, 877 (Fla. 2d DCA 2012); Tidwell v. State, 74 So. 3d 503, 503 (Fla. 2d DCA 2011); Lee v. State, 67 So. 3d 1199, 1202 (Fla. 2d DCA 2011); Vantine v. State, 66 So. 3d 350, 352 (Fla. 2d DCA 2011). Therefore, we reverse and remand for the trial court to amend Goff's sentences in the above case numbers to reflect his youthful offender status.

Affirmed in part; reversed in part; remanded with instructions.

CASANUEVA and SALARIO, JJ., Concur.