IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CHAUNCEY DAVIS,

      Appellant,

v.                                                              Case No.  5D16-2236

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed June 30, 2017

Appeal from the Circuit Court
for Orange County,
Robert M. Evans, Senior Judge.

Aaron Baghdadi, of Baghdadi Law, P.A.,
Longwood, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Pamela J. Koller,
Assistant Attorney General, Daytona
Beach, for Appellee.


LAMBERT, J.

When he was seventeen years old, Chauncey Davis tendered a nolo contendere plea to charges of attempted robbery with a deadly weapon, aggravated battery with a deadly weapon, aggravated battery on a law enforcement officer with a deadly weapon, and fleeing or attempting to elude a law enforcement officer at a high speed or with wanton disregard.  The trial court accepted the plea, designated Davis as a youthful

offender,[1] and sentenced him to serve one year of community control to be followed by four years and ten months of probation. Not long thereafter, Davis substantively violated his community control by committing an armed carjacking, together with several technical violations. At that time, Davis was eighteen years old. The trial court revoked community control and probation and sentenced Davis to serve an aggregate forty-five years in prison. The primary question that we address in this appeal is whether Davis was entitled to be sentenced pursuant to the juvenile offender sentencing laws codified at sections 775.082, 921.1401, and 921.1402, Florida Statutes (2015), because he was a minor when he initially committed these crimes. As explained below, because we find Justice Pariente's concurring opinion in *Guzman v. State*, 183 So. 3d 1025 (Fla. 2016), to be persuasive, we hold that the trial court was correct in not applying the juvenile sentencing laws when it sentenced Davis, and therefore, we affirm his aggregate sentence.

In *Guzman*, the Florida Supreme Court reviewed the decision of the Fourth District Court of Appeal in *Guzman v. State*, 110 So. 3d 480 (Fla. 4th DCA 2013), in which the Fourth District affirmed Guzman's sixty-year prison sentence but certified the following two questions of great public importance:

> 1. DOES *GRAHAM V. FLORIDA*, 560 U.S. 48, 130 S. CT. 2011, 176 L. ED. 2D 825 (2010), APPLY TO LENGTHY TERM-OF-YEARS SENTENCES THAT AMOUNT TO DE FACTO LIFE SENTENCES?
>
> 2. IF SO, AT WHAT POINT DOES A TERM-OF-YEARS SENTENCE BECOME A DE FACTO LIFE SENTENCE?

110 So. 3d at 483. Guzman committed multiple violent crimes when he was fourteen years old and, following a guilty plea to all charges, was sentenced to juvenile probation,

---

[1] *See* chapter 958, Florida Statutes.

to be followed by adult probation. *Id.* at 481. When he was eighteen years old, Guzman violated his probation by committing the criminal offense of kidnapping. *Id.* The trial court revoked his probation, and Guzman was eventually sentenced to serve sixty years in prison.[2] *Id.* Guzman appealed, claiming that his sentence amounted to a de facto life sentence in violation of *Graham*, which prohibited a juvenile nonhomicide offender from receiving a sentence that precluded the offender from a "meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." *Id.* at 481–83 & n.2 (quoting *Graham,* 560 U.S. at 75).

The Florida Supreme Court discharged jurisdiction, explaining that in *Henry v. State*, 175 So. 3d 675 (Fla. 2015), and *Gridine v. State*, 175 So. 3d 672 (Fla. 2015), it had previously answered the first certified question in the affirmative. *Guzman*, 183 So. 3d at 1026. The court declined to answer the second certified question. *Id.*

Pertinent to the instant appeal is Justice Pariente's concurring opinion, in which she cogently explained that the dispositive reason that jurisdiction was discharged and Guzman was not entitled to be resentenced consistent with *Graham* and the Florida Supreme Court's decisions interpreting *Graham* was because Guzman violated his probation *after* he had become an adult. *Id.* at 1027. Justice Pariente observed that otherwise, Guzman's sixty-year sentence would have been unconstitutional under *Graham* because it did not provide him with a "meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." *Id.* Justice Pariente recognized that it may seem arbitrary that an individual such as the defendant in *Graham,* who violated

---

[2] Guzman was first sentenced to life in prison, but that sentence was reversed by the Fourth District. *Guzman v. State*, 68 So. 3d 295 (Fla. 4th DCA 2011).

3

probation when he was seventeen years old but whose sentence was thereafter reversed because it did not provide Graham with a meaningful opportunity to obtain early release based upon demonstrated maturity and rehabilitation, would be treated differently in sentencing than Guzman, who violated probation at age eighteen and was therefore not entitled to resentencing. Nevertheless, she asserted that "the line must be drawn somewhere" and that "[s]ociety has consistently drawn it at age eighteen." *Id.* Because Guzman was not entitled to relief and the Court had already answered the first certified question, Justice Pariente agreed that discharge of jurisdiction was appropriate. *Id.*

We agree with Justice Pariente and adopt her analysis. In this case, because Davis, like Guzman, was eighteen years old when he violated community control, he was not entitled to be sentenced under Florida's juvenile sentencing statutes,[3] and the trial court was correct in that regard.

Davis raises one other issue, arguing that the trial court erred by not continuing his youthful offender status when it imposed the instant sentence. Davis is correct that "[o]nce a circuit court has imposed a youthful offender sentence, it must continue that status even upon resentencing after a substantive violation of probation." *Long v. State*, 99 So. 3d 997, 997–98 (Fla. 5th DCA 2012) (citing *Christian v. State*, 84 So. 3d 437, 442–43 (Fla. 5th DCA 2012); *Mosley v. State*, 77 So. 3d 877, 877 (Fla. 2d DCA 2012)). The reason for maintaining a defendant's youthful offender status is because "it affects the defendant's classification within the prison system and the programs and facilities to

---

[3] Florida's juvenile sentencing statutes were not discussed in *Guzman* because they did not become effective until July 1, 2014, after the Fourth District had issued its decision. These statutes were specifically enacted to bring Florida's juvenile sentencing statutes into compliance with *Graham* and the later case of *Miller v. Alabama*, 567 U.S. 460 (2012). *Horsley v. State*, 160 So. 3d 393, 394 (Fla. 2015).

which the defendant can be assigned." *Id.* at 998 (citing *Blacker v. State*, 49 So. 3d 785, 787 n.2 (Fla. 4th DCA 2010); § 958.11, Fla. Stat. (2008)).

The trial court erred in not maintaining Davis's youthful offender status when it sentenced him after violating community control. Nevertheless, Davis is presently not entitled to relief because he did not preserve this error for review by either objecting at sentencing or by timely filing a motion pursuant to Florida Rule of Criminal Procedure 3.800(b). *Cf. Goff v. State*, 197 So. 3d 98, 99 (Fla. 2d DCA 2016) (finding that defendant properly preserved for appellate review the trial court's failure to continue his designation as a youthful offender after revoking his probation by filing a Florida Rule of Criminal Procedure 3.800(b)(2) motion).

Accordingly, we affirm the aggregate sentence in this case, but we do so without prejudice to Davis seeking postconviction relief related to his youthful offender status.

AFFIRMED.

TORPY, J., concurs.
BERGER, J., concurs in result only.