DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHRISTOPHER THOMAS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-3742

[June 13, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Paul L. Backman, Judge; L.T. Case Nos. 10015070 CF10A, 10016545 CF10A, and 1016548 CF10A.

Antony P. Ryan, Regional Counsel, and Paul O'Neil, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melynda L. Melear, Senior Assistant Attorney General, West Palm Beach, for appellee.

GERBER, C.J.

The defendant argues that the circuit court erred by revoking his youthful offender designation while sentencing him for violating probation. The defendant is correct that "once a trial court imposes a youthful offender sentence, it must continue that status upon resentencing after a violation of probation or community control." *Smith v. State*, 143 So. 3d 1023, 1024-25 (Fla. 4th DCA 2014) (citation and internal quotation marks omitted). The reason for this requirement is because "[a] youthful offender designation carries certain benefits within the criminal justice system that are not available to non-youthful offender prisoners." *Id.* at 1025; § 958.11, Fla. Stat. (2010).

Nevertheless, the defendant presently is not entitled to relief because he did not preserve this error for review by either objecting at sentencing or timely filing a motion pursuant to Florida Rule of Criminal Procedure 3.800(b). *See Davis v. State*, 223 So. 3d 1106, 1109 (Fla. 5th DCA 2017) ("The trial court erred in not maintaining [the defendant's] youthful

offender status when it sentenced him after violating community control. Nevertheless, [the defendant] is presently not entitled to relief because he did not preserve this error for review by either objecting at sentencing or by timely filing a motion pursuant to Florida Rule of Criminal Procedure 3.800(b).").

Accordingly, we affirm the defendant's sentence, but without prejudice to the defendant seeking postconviction relief related to his youthful offender designation.

*Affirmed without prejudice.*

GROSS and CONNER, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***

2