DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ADDARRYLL DORSEY JR.,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-3617

[February 20, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John S. Kastrenakes, Judge; L.T. Case Nos. 12CF013654AMB, 13CF000050AMB, 13CF005437AMB and 13CF005879AMB.

Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant challenges his forty-year sentence for robbery with a firearm after revocation of his community control in case number 13CF5879. At the time he violated his community control, the defendant was twenty years old. He now argues that his sentence is invalid because it fails to provide for judicial review under chapter 2014-220, Laws of Florida, as codified in sections 775.082, 921.1401, and 921.1402, Florida Statutes. We disagree and affirm. We remand, however, for the trial court to correct scrivener's errors in the written revocation orders in case numbers 12CF13654, 13CF0050, 13CF5437, and 13CF5879.

There are three reasons why the defendant is not entitled to resentencing. First, because the defendant was no longer a minor at the time he violated community control, he was not entitled to sentencing under chapter 2014-220, Laws of Florida. *See Davis v. State*, 223 So. 3d 1106, 1109 (Fla. 5th DCA 2017).

Second, the defendant's forty-year sentence comports with *Graham v. Florida*, 560 U.S. 48 (2010), and *Miller v. Alabama*, 567 U.S. 460 (2012). Recently, our supreme court held that a sentence with the possibility of parole is sufficient to provide juvenile offenders a meaningful opportunity for release, and the sentence does not violate the Eighth Amendment under *Graham* and *Miller*. *State v. Michel*, 257 So. 3d 3 (Fla. 2018). Here, the defendant has been given a meaningful opportunity for release.

Third, the defendant's forty-year sentence was imposed after he had been released from prison on community control. Thus, he had already been given more than an opportunity for release and cannot subsequently show a violation of the Eighth Amendment under *Graham*. *See Rogers v. State*, 223 So. 3d 281, 282 (Fla. 4th DCA 2017) ("A juvenile offender who has actually been released from a prison sentence has received more than what *Graham* requires.").

There are, however, scrivener's errors in the written revocation orders that the State agrees should be corrected. The trial court found the defendant violated community control by committing *attempted armed robbery* rather than armed robbery as was charged in the affidavits of violation. Nonetheless, the court's revocation orders reflect the defendant violated community control by committing armed robbery. Thus, the written order is inconsistent with the trial court's oral pronouncement.

The trial court also found the defendant did not violate community control by being in a place where he was not supposed to be. Yet the revocation orders include that allegation as a violation.

We therefore remand the case for the correction of these scrivener's errors where the written revocation orders list incorrect information about the violations in case numbers 12CF13654, 13CF0050, 13CF5437, and 13CF5879. *See Ali v. State*, 215 So. 3d 1250, 1251 (Fla. 4th DCA 2017).

*Affirmed and Remanded to correct scrivener's errors in revocation orders.*

CONNER and KLINGENSMITH, JJ., concur.

\*        \*        \*

**Not final until disposition of timely filed motion for rehearing.**

2