RONDOLINO, ANTHONY, Associate Judge.
The appellant challenges the trial court’s finding that the appellant violated his probation.
The trial court found the appellant in violation of his probation for failing to file two monthly reports, being $124.80 in arrears on his costs of supervision, and moving from his approved residence without approval. A-though the appellant was also charged with violating his probation for being arrested on seven new offenses (burglary, grand theft, and dealing in stolen property), the State declined to establish those charges.
The State concedes that there was a failure of proof as to the violation for being $124.80 in arrears on the appellant’s costs of supervision.- -Nevertheless, the State argues that the record of the violation of probation hearing shows that the trial court would have revoked probation even without the arrear-age in payment of costs of supervision. We agree.
Accordingly, we strike that part of the order revoking probation which lists the ar-rearage of $124.80 in payment of costs of supervision as a violation of probation. Despite our ruling that this ground should be stricken, we affirm the order revoking the appellant’s probation because the trial court’s statements and the evidence in the record of *1190 the probation violation hearing demonstrate that the trial court would have revoked the appellant’s probation even without the ground which we have stricken. It is also clear to us that the trial court would have imposed the same sentence without the ground which we have stricken.
Accordingly, we strike the arrearage of $124.80 in payment of costs of supervision as a ground for revocation of probation in this case. In all other respects, we affirm the trial court’s finding that the appellant violated his probation.
PARKER, C.J., and NORTHCUTT, J., concur.