*1201
 
 VILLANTI, Judge.
 

 Jeffrey Lewis Lee appeals the revocation of his probation and the resulting sentence in two underlying cases. We affirm the revocation of Lee’s probation but remand for the trial court to enter a corrected revocation order. We also reverse Lee’s sentence and remand for the trial court to resentence Lee as a youthful offender.
 

 Lee pleaded guilty to one count of possession of cocaine, one count of driving while license suspended or revoked, and one count of fleeing to elude in two separate circuit court cases. On April 16, 2009, the trial court withheld adjudication and sentenced Lee as a youthful offender to concurrent terms of twenty-four months’ probation on the possession and fleeing offenses and to six months’ probation on the driving offense.
 

 Two weeks later, the Department of Corrections filed affidavits of violation of probation in both cases based on allegations that Lee had committed new offenses since being placed on probation. The court held a hearing and found that Lee had violated his probation by committing the new offenses of trafficking in cocaine, resisting an officer with violence, aggravated assault on a law enforcement officer, sale of cocaine, and delivery of cocaine. Based on these violations, the trial court revoked Lee’s probation and sentenced him to consecutive five-year prison terms on the possession and fleeing offenses and to time served on the driving offense. In doing so, the trial court specifically declined to continue Lee’s status as a youthful offender.
 

 In this appeal, Lee contends that the trial court’s finding that he committed the new offense of trafficking in cocaine was not supported by competent, substantial evidence. We agree because the only evidence presented by the State to establish that Lee committed this offense was hearsay, which cannot, standing alone, support a finding of a violation of probation.
 
 See, e.g., Russell v. State,
 
 982 So.2d 642, 646 (Fla.2008) (holding that while hearsay evidence is admissible at a revocation hearing, hearsay cannot form the sole basis for finding a violation of probation);
 
 Casas v. State,
 
 27 So.3d 203, 206 (Fla. 2d DCA 2010) (same). Lee also contends that the trial court erred by finding that he had violated his probation by committing the new offense of resisting an officer with violence because that offense was not charged in the affidavit of violation of probation. Again, we are compelled to agree because the affidavit of violation of probation did not charge Lee with violating his probation by committing this offense, and “ ‘[a] trial court is not permitted to revoke probation on conduct not charged in the affidavit of violation.’ ”
 
 Cherington v. State,
 
 24 So.3d 658, 660 (Fla. 2d DCA 2009) (quoting
 
 Parminter v. State,
 
 762 So.2d 966, 967 (Fla. 2d DCA 2000)).
 

 However, despite these errors, we affirm the revocation of Lee’s probation. When a trial court relies on both proper and improper grounds for revocation but it is clear from the record that the trial court would have revoked probation even without the existence of improper grounds, this court and others have affirmed the revocation of probation and remanded for entry of a corrected revocation order.
 
 See, e.g., Simmons v. State,
 
 913 So.2d 19, 24 (Fla. 2d DCA 2005);
 
 Burse v. State,
 
 724 So.2d 596, 598 (Fla. 2d DCA 1998);
 
 Olvey v. State,
 
 707 So.2d 1189, 1189-90 (Fla. 2d DCA 1998);
 
 Bourne v. State,
 
 869 So.2d 606, 607 (Fla. 1st DCA 2004). Only when this court cannot determine from the record whether the trial court would have revoked the defendant’s probation based solely on the proper grounds will this court reverse and remand
 
 *1202
 
 for reconsideration by the trial court.
 
 See, e.g., Clemons v. State,
 
 388 So.2d 639, 640 (Fla. 2d DCA 1980).
 

 Here, the trial court’s finding that Lee violated his probation by committing the new offenses of aggravated assault on a law enforcement officer, sale and/or delivery of cocaine, and possession of cocaine is fully supported by the evidence. Thus, there were proper grounds for revocation presented at the revocation hearing. Moreover, it is abundantly clear from the trial court’s remarks at the hearing that it would have revoked Lee’s probation based solely on the proper grounds for revocation. Accordingly, we affirm the revocation of Lee’s probation, but we remand for the trial court to enter a corrected revocation order that deletes any reference to the alleged violations that were not properly established at the revocation hearing.
 

 Turning to Lee’s sentence, however, we must reverse and remand for resen-tencing. Lee was originally sentenced to twenty-four months’ probation as a youthful offender. However, when the trial court sentenced Lee upon revocation of his probation, it specifically declined to maintain Lee’s youthful offender status. This decision constituted error.
 

 “Once a circuit court has imposed a youthful offender sentence, it must continue that status upon resentencing after a violation of probation or community control.”
 
 Blacker v. State,
 
 49 So.3d 785, 788 (Fla. 4th DCA 2010);
 
 see also State v. Arnette,
 
 604 So.2d 482, 484 (Fla.1992) (“Unless the legislature clearly states otherwise, youthful offenders maintain youthful offender status even when they violate a condition of community control.”);
 
 Gardner v. State,
 
 656 So.2d 933, 937 (Fla. 1st DCA 1995) (“[0]nce a defendant is sentenced under the provisions of [the youthful offender statute], a court may not reclassify the defendant and sentence him or her in a manner inconsistent with [that statute].”). While a defendant is not entitled to be sentenced as a youthful offender on any new offense he or she may have committed,
 
 see Boynton v. State,
 
 896 So.2d 898, 899 (Fla. 3d DCA 2005), the trial court cannot revoke a defendant’s youthful offender status on offenses for which that defendant has already been sentenced. However, while the court must maintain the defendant’s youthful offender status upon revocation of probation, the court is not limited to imposing the usual youthful offender sentence of six years or less in prison if the revocation is based on a
 
 substantive
 
 violation of probation. Instead, in that instance the court may sentence a youthful offender to a period not “longer than the maximum sentence for the offense for which he or she was found guilty, with credit for time served while incarcerated.”
 

 § 958.14, Fla. Stat. (2010).
 

 In this case, the trial court revoked Lee’s probation based on a substantive violation of his probation. Thus, the length of Lee’s sentence, i.e., the statutory maximum terms for the offenses to which he pleaded guilty, is legal. However, the trial court’s decision to revoke Lee’s youthful offender status, which was not subject to revocation once it was imposed, renders his sentence illegal.
 
 Arnette,
 
 604 So.2d at 484;
 
 Blacker,
 
 49 So.3d at 788. Accordingly, we reverse Lee’s sentence and remand for him to be resentenced as a youthful offender. We note that on remand the trial court may impose the same consecutive five-year sentences if it so chooses, but it must maintain Lee’s youthful offender status.
 
 [1]
 

 
 *1203
 
 Affirmed in part, reversed in part, and remanded for further proceedings.
 

 WHATLEY and WALLACE, JJ., Concur.
 

 [1]
 

 . Since the trial court may elect to sentence Lee to the same term of imprisonment on
 
 *1203
 
 remand, we recognize that Lee’s resentencing may appear to be only a paper victory. However, Lee argues that there are services and other advantages available to youthful offenders through the Department of Corrections and to which he would be entitled if he was properly sentenced. We express no opinion concerning the correctness of this argument or whether Lee is actually entitled to any such services or advantages once he is properly sentenced.