NORTHCUTT, Judge.
Jason Alexander Yegge appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). On March 7, 2003, Yegge pleaded guilty to charges of armed burglary, manufacture of marijuana, and misdemeanor possession of drug paraphernalia. The trial court sentenced him as a youthful offender to drug offender probation on the burglary and marijuana charges and to time served for the paraphernalia charge. Yegge violated probation several times and was sentenced to prison. However, on January 4, 2006, the court vacated the prison sentences and continued the original probationary term. In 2007, Yegge pleaded guilty to the new substantive offense of possession of cocaine. As a result, the circuit court revoked Yegge’s probation, sentenced him to a ten-year mandatory minimum prison term for his armed burglary conviction, and revoked his youthful offender status.
On appeal, Yegge alleges that his sentence is illegal because he should have been sentenced as a youthful offender and, thus, could not receive a mandatory minimum sentence. Yegge argues that the circuit court wrongfully revoked his youthful offender status because “ ‘[o]nce a circuit court has imposed a youthful offender sentence, it must continue that status upon resentencing after a violation of probation or community control.’ ” Lee v. State, 67 So.3d 1199, 1202 (Fla. 2d DCA 2011) (quoting Blacker v. State, 49 So.3d 785, 788 (Fla. 4th DCA 2010)).
A youthful offender who commits a substantive violation of probation can be sentenced to the maximum sentence allowable for the original offense; the six-year limitation applicable to youthful offender sentences no longer applies. See § 958.14, Fla. Stat. (2007); State v. Meeks, 789 So.2d 982, 988-89 (Fla.2001); Lee, 67 So.3d at 1202; Swilley v. State, 781 So.2d 458, 460 (Fla. 2d DCA 2001). The maximum sentence for Yegge’s original offense, armed burglary, is life in prison. See § 810.02(2)(b), Fla. Stat. (2002). Therefore, Yegge’s ten-year mandatory minimum was not illegal. However, this court has repeatedly held that the sentencing *1060 court must maintain the defendant’s youthful offender status upon resentencing for a violation of probation even when the violation was substantive. See Lee, 67 So.3d at 1202 (holding that “[w]hile a defendant is not entitled to be sentenced as a youthful offender on any new offense he or she may have committed, the trial court cannot revoke a defendant’s youthful offender status on offenses for which that defendant has already been sentenced” (citation omitted)); Vantine v. State, 66 So.3d 350, 352 (Fla. 2d DCA 2011) (explaining that the defendant’s youthful offender status could not be revoked upon violation of probation for a substantive violation involving a new law offense); Tidwell v. State, 74 So.3d 503, 503 (Fla. 2d DCA 2011) (affirming that “when a youthful offender commits a violation of probation, even a substantive one as described in section 958.14, his status as a youthful offender cannot be revoked”); Mosley v. State, 77 So.3d 877, 877 (Fla. 2d DCA 2012) (same).
Both the Fifth and First Districts have similarly held that a defendant’s youthful offender status must be continued on re-sentencing after a violation of probation. See Christian v. State, 84 So.3d 437, 441-42 (Fla. 5th DCA 2012) (explaining that, though a youthful offender may receive the maximum sentence that could have originally been imposed had he not been sentenced under the youthful offender act pursuant to section 958.14, he still maintains his “youthful offender status”); Hudson v. State, 989 So.2d 725, 726 (Fla. 1st DCA 2008) (“When a defendant has been designated a youthful offender, the court may not change that status by way of revocation of probation or community control.”); Gardner v. State, 656 So.2d 933, 937 (Fla. 1st DCA 1995) (holding that “once a defendant is sentenced under the provisions of section 958.04, a court may not reclassify the defendant and sentence him or her in a manner inconsistent with section 958.04”).
Importantly, this is not a mere paper victory. A youthful offender designation carries benefits — including the availability of programs and facilities, and, though Yegge may not qualify, eligibility for early release — within the criminal justice system. Lee, 67 So.3d at 1202 n. 1; Blacker, 49 So.3d at 787 n. 2; Christian, 84 So.3d at 443.
Accordingly, we reverse the postconviction court’s order and remand for amendment of Yegge’s sentence to reflect his youthful offender classification.
Reversed and remanded.
VTLLANTI and WALLACE, JJ., Concur.