CASANUEVA, Judge.
Nicole Velasco appeals the order summarily denying her motion to correct illegal sentence filed under Florida Rule of Criminal Procedure 3.800(a). We find no merit to her argument that the length of her sentence is illegal. See Yegge v. State, 88 So.3d 1058, 1059 (Fla. 2d DCA 2012) (holding that a youthful offender who commits a substantive violation of probation, such as by committing a new offense, can be sentenced up to the maximum sentence for the original offense; the six-year sentence limit for youthful offenders is no longer applicable). However, we agree that the trial court erred in failing to continue Ms. Velasco’s designation as a youthful offender. See Tidwell v. State, 74 So.3d 503 (Fla. 2d DCA 2011) (holding that one’s status as a youthful offender cannot be revoked based on a violation of probation); Lee v. State, 67 So.3d 1199, 1202 (Fla. 2d DCA 2011) (“ ‘Once a circuit court has imposed a youthful offender sentence, it must continue that status upon resen-tencing after a violation of probation or community control.’ ” (quoting Blacker v. State, 49 So.3d 785, 788 (Fla. 4th DCA 2010))). Accordingly, we reverse the post-conviction court’s order and remand for amendment of Ms. Velasco’s sentence to reflect her youthful offender status.
Reversed and remanded with directions.
NORTHCUTT and VILLANTI, JJ., Concur.