SILBERMAN, Judge.
In Kendrick Jermaine Walker’s appeal of the revocation of his youthful offender probation and resulting sentences in five circuit court cases, defense counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). This court struck the Anders brief and directed the parties to address three issues.[1] In its brief, the State has properly conceded error on all three issues. Although we affirm the revocation of Walker’s probation, we reverse the revocation order and sentences and remand for their correction. In addition, we direct the trial court to strike Walker’s judgments and sentences for grand theft in circuit court cases 06-CF-21423 and 06-CF-22456.
First, the trial court erred in failing to continue Walker’s youthful offender designation upon the revocation of his probation. Once a trial court imposes a youthful offender sentence, the court must continue that status upon resentencing for *1197 a violation of probation. See Yegge v. State, 88 So.3d 1058, 1060 (Fla. 2d DCA 2012); Lee v. State, 67 So.3d 1199, 1202 (Fla. 2d DCA 2011). Therefore, we reverse the sentences and remand for the trial court to correct the sentences to reflect Walker’s youthful offender designation.
Second, Walker did not enter a plea to grand theft in case numbers 06-CF-21423 and 06-CF-22456. Therefore, the grand theft convictions and sentences in those two cases must be stricken from the written judgments and sentences.
Third, the written order revoking Walker’s probation states that Walker was found in violation of conditions 1 and 6. However, at the conclusion of the probation revocation hearing, the trial court found Walker in violation of condition 8 of his probation, and that finding is supported by the evidence. Thus, we reverse the revocation order and remand for the trial court to enter a corrected order reflecting that Walker violated condition 8 of his probation.
Affirmed in part, reversed in part, and remanded.
KELLY and MORRIS, JJ., Concur.

. Before filing the merits brief, defense counsel filed a motion to correct sentencing errors pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). The motion is deemed denied because the trial court failed to rule on the motion within sixty days. See Fla. R. Crim. P. 3.800(b)(1)(B), (b)(2)(B).