# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT
### *July Term 2014*

**JIMMY SMITH,**

Appellant,

v.

**STATE OF FLORIDA,**

Appellee.

Nos. 4D12-3812, 4D12-3813, 4D12-3814 and 4D12-4174

[July 23, 2014]

Consolidated appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Bernard I. Bober, Judge; L.T. Case Nos. 11-7157 CF10A, 11-4222 CF10A, 08-5742 CF10A and 08-5817 CF10B.

Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, C.J.

In this consolidated appeal, Jimmy Smith challenges the denial of his motion to correct illegal sentence filed pursuant to Rule 3.800(b)(2) of the Florida Rules of Criminal Procedure.[1] We reverse because the trial court failed to continue Smith's youthful offender designation. *See Yegge v. State*, 88 So. 3d 1058, 1059–60 (Fla. 2d DCA 2012); *see also* § 958.14 Fla. Stat. (2009).

In 2008, Smith was charged with two counts of burglary of a dwelling and two counts of grand theft in two different cases. Smith pled no

---

[1] Smith's appeals stem from convictions in four separate cases: two counts of burglary of a dwelling and two counts of grand theft (4D12-3813, 4D12-3814); robbery with a firearm (4D12-4174); and burglary of an unoccupied dwelling and grand theft (4D12-3812).

contest to all of the charges and the trial court withheld adjudication and sentenced him to concurrent youthful offender probation terms.

Thereafter, Smith twice violated his probation. It is the second violation that is relevant to this appeal. On that occasion, Smith was charged with violating the terms of his probation by, among other things, committing new law violations. Smith pled guilty to the new charges and admitted to violating the terms of his probation. With regard to the underlying charges that were subject to the youthful offender sentence, the trial court adjudicated Smith guilty, revoked his probation and youthful offender status, and imposed concurrent state prison sentences—fifteen years for each burglary and five years for each grand theft. The trial court also imposed state prison sentences for the new law violations.

Smith filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). In his motion, Smith argued that he was entitled to retain his youthful offender status as to his original charges even though the court revoked his probation. Smith also argued that the written sentencing order failed to reflect the correct credit for time served on one of his charges. The trial court granted Smith's motion to correct the credit for time served but denied Smith's request to reinstate his youthful offender status. This appeal follows.

"'Because a motion to correct a sentencing error involves a pure issue of law, our standard of review is de novo.'" *Salter v. State,* 77 So. 3d 760, 764 (Fla. 4th DCA 2011) (quoting *Kittles v. State,* 31 So. 3d 283, 284 (Fla. 4th DCA 2010)). Smith argues that the trial court erred by revoking his youthful offender status as to his original charges because once a defendant is designated a youthful offender, that status cannot be revoked. Relying on *Rogers v. State,* 972 So. 2d 1017 (Fla. 4th DCA 2008), the State counters that Smith's youthful offender status could be revoked once Smith was charged with and convicted of three new substantive offenses. We reject the State's reading of *Rogers* and point to our subsequent decision in *St. Cyr v. State,* 106 So. 3d 487, 489 (Fla. 4th DCA 2013).

When a defendant violates his youthful offender probation by committing a substantive violation,[2] the court is not bound to "'the usual youthful offender sentence of six years or less'" and "can impose up to

---

[2] A substantive violation "refers exclusively to a violation premised on the commission of a separate criminal act." *State v. Meeks,* 789 So. 2d 982, 989 (Fla. 2001).

the statutory maximum for the underlying offenses." *Smith v. State*, 109 So. 3d 1180, 1181 (Fla. 1st DCA 2013) (quoting *Lee v. State*, 67 So. 3d 1199, 1202 (Fla. 2d DCA 2011)). However, once a trial court imposes a youthful offender sentence, "'it must continue that status upon resentencing after a violation of probation or community control.'" *St. Cyr*, 106 So. 3d at 489 (quoting *Blacker v. State,* 49 So. 3d 785, 788 (Fla. 4th DCA 2010)).

We find further support for our conclusion in the Second District's factually analogous decision in *Yegge,* 88 So. 3d 1058. In *Yegge*, the defendant was placed on youthful offender probation for armed burglary and manufacture of marijuana. *Id.* at 1059. The defendant committed a substantive violation of his youthful offender probation when he was subsequently arrested and charged with cocaine possession. *Id.* The defendant pled guilty to the new charge and the trial court revoked his probation, revoked his youthful offender status, and sentenced him to ten years in prison for the original armed burglary charge. *Id.* The Second District reversed, holding that although the ten-year prison sentence was legal, the trial court was required to maintain the defendant's youthful offender status upon resentencing. *Id.* at 1059–60.

Although the trial court in this case was not required to sentence Smith to a youthful offender sentence of six years or less on his original offenses, under *St. Cyr* and *Yegge*, it was error to revoke his youthful offender status. A youthful offender designation carries certain benefits within the criminal justice system that are not available to non-youthful offender prisoners. *Yegge*, 88 So. 3d at 1060 (citing *Christian v. State*, 84 So. 3d 437, 443 (Fla. 5th DCA 2012); *Lee,* 67 So. 3d at 1202 n.1; *Blacker,* 49 So. 3d at 787 n.2). Accordingly, we reverse and remand for the trial court to reinstate Smith's youthful offender status as to his original charges.

*Reversed and Remanded.*

WARNER and MAY, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***