MORRIS, Judge.
Niji Kemp Carrington appeals the revocation of his probation and resulting prison sentence. Carrington’s counsel, concluding that there was no meritorious argument to support the contention that the trial court committed reversible error, filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Our independent review of the record reveals certain technical errors, none of which affect the outcome of this case, and we therefore affirm the revocation and resulting sentence. However, we must remand for the entry of a corrected revocation order.
“Probation can be revoked upon a finding that a violation is willful and substantial.” Wharton v. State, 136 So.3d 632, 634 (Fla. 2d DCA 2013) (citing Parker v. State, 980 So.2d 1223, 1224 (Fla. 2d DCA 2008)). “While ... we review the trial court’s finding of a willful and substantial violation for competent!,] substantial evidence, our standard of review for the trial court’s decision to revoke probation is abuse of discretion.” Savage v. State, 120 So.3d 619, 623 (Fla. 2d DCA 2013).
*287 In this case, the trial court’s findings that Carrington violated conditions (3) and (9) are not supported by competent, substantial evidence. Condition (3) required Carrington to obtain permission before moving from his residence. At the revocation hearing, the probation officer testified that he was informed by Carrington’s mother that Carrington was no longer living at her residence and that she would no longer allow him to live there. The probation officer further testified that he went to the residence and met with Carrington’s father who verified that Carrington was not living there. This evidence constituted hearsay, and while hearsay is admissible in a revocation proceeding, it may not be the sole basis for the revocation. See Lee v. State, 67 So.3d 1199, 1201 (Fla. 2d DCA 2011). There was no other nonhearsay evidence — such as the probation officer’s testimony that he searched the home and confirmed that Carrington was not present — presented on this issue. Consequently, the trial court should not have revoked probation on this basis. See Rodriguez v. State, 768 So.2d 1234, 1235 (Fla. 5th DCA 2000) (holding that where State only presented hearsay testimony that appellant moved without permission and where probation officer did not go to the apartment to verify whether appellant still lived there, probation could not be revoked on that basis).
Condition (9) required Carrington to truthfully answer the probation officer’s inquiries. The third amended affidavit of violation of probation alleged that on November 27, 2012, Carrington was untruthful when the probation officer asked him about his location and activities on November 22, 2012. However, at the hearing, the trial court and the probation officer appeared to be confusing different dates for this particular violation. The probation officer began testifying about a curfew violation on November 23, 2012, and the trial court interjected by asking the probation officer if he meant November 22. The probation officer responded: “I believe the 14th is something you’re talking about that was added later. I was informed that he was not at home at 3:55 a.m.” The trial court then inquired, “The defendant told you that on November 27, 2012?” The probation officer then confirmed that Car-rington had not been home during his curfew; the probation officer subsequently clarified that the November 14, 2012, curfew violation occurred around “one-something a.m.” The trial court then asked, “What about the 11/22/2012 3:53 a.m. Was that a curfew check that you conducted?” The probation officer confirmed that there was a curfew check on that date. However, there was no further testimony elicited regarding the November 22, 2012, date, including whether Carrington made an untruthful report regarding that date. Accordingly, we conclude that there was no competent, substantial evidence to support revocation of probation on that basis.
We note that Carrington’s counsel has suggested that the trial court should not have revoked probation based on a violation of special condition (9), which required Carrington to comply with a curfew requirement. Carrington’s counsel suggested that Carrington’s probation had been improperly modified to include the curfew requirement in 2012 and, therefore, probation could not be revoked on that basis. However, our review of the record indicates that Carrington admitted to two violations of probation in 2012. Consequently, his probation was properly modified. Cf. Lippman v. State, 633 So.2d 1061, 1064 (Fla.1994). And because there was sufficient evidence that Carrington violated that curfew requirement, we hold that the trial court did not err by finding a violation of special condition (9). Howev *288 er, the written revocation order lists two violations of condition (9), rather than one violation of condition (9) and one violation of special condition (9). Thus on remand, the trial court should correct that scrivener’s error to reflect that Carrington violated special condition (9).[1]
We conclude that there was competent, substantial evidence to support the trial court’s findings that Carrington violated conditions (1), (5), and (8) of his probation. We also conclude that it is clear from the record that the trial court would have revoked probation even without its reliance on conditions (3) and (9). Thus we affirm the revocation of Carrington’s probation and his resulting prison sentence. See Lee, 67 So.3d at 1202. However, the written order of revocation fails to list the violations of condition (5). Consequently, on remand, the trial court should amend the revocation order to reflect those violations.
Affirmed; remanded with instructions.
NORTHCUTT and LaROSE, JJ., Concur.

. As we have determined that the violation of condition (9) was not supported by competent, substantial evidence, the trial court will necessarily have to remove any violation of that condition.