NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

EARL RODGERS,                        )
                                     )
        Appellant,                   )
                                     )
v.                                   )        Case No. 2D14-1366
                                     )
STATE OF FLORIDA,                    )
                                     )
        Appellee.                    )
                                     )
_____    )

Opinion filed August 7, 2015.

Appeal from the Circuit Court for Highlands
County; William D. Sites, Judge.

Howard L. Dimmig, II, Public Defender,
and Robert D. Rosen, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Elizabeth Everson,
Assistant Attorney General, Tampa, for
Appellee.


SLEET, Judge.


        Earl Rodgers challenges the revocation of the probation he was serving

for the offense of sexual activity with a child.  We affirm the revocation of Rodgers'

probation but remand with directions to the trial court to strike that portion of the

revocation order finding that Rodgers violated condition twenty-five of his supervision by having contact with the victim's brother.

In its order of revocation, the trial court found that Rodgers violated his probation by (1) failing to provide all of his email addresses to his probation officer (condition seven), (2) having contact with the victim (condition twenty-two), and (3) having contact with the victim's mother, the victim's sister, and the victim's brother (three violations of condition twenty-five). The record, however, does not contain competent substantial evidence that Rodgers had contact with the victim's brother. As such, that violation is not supported by the greater weight of the evidence and must be stricken. See Savage v. State, 120 So. 3d 619, 621 (Fla. 2d DCA 2013) ("The trial court must first determine whether the State proved by the greater weight of the evidence that the probationer willfully and substantially violated probation.").

Nevertheless, we affirm the revocation of Rodgers' probation.

> When a trial court relies on both proper and improper grounds for revocation but it is clear from the record that the trial court would have revoked probation even without the existence of improper grounds, this court and others have affirmed the revocation of probation and remanded for entry of a corrected revocation order. Only when this court cannot determine from the record whether the trial court would have revoked the defendant's probation based solely on the proper grounds will this court reverse and remand for reconsideration by the trial court.

Lee v. State, 67 So. 3d 1199, 1201-02 (Fla. 2d DCA 2011) (citations omitted).

Here, it is clear from the record that the trial court would have revoked Rodgers' probation based on his other violations, especially his having contact with the victim's sixteen-year-old sister. Accordingly, we affirm the revocation of probation and remand with directions to the trial court to strike the violation of condition twenty-five

based on Rodgers' contact with the victim's brother and to enter a corrected revocation order.

Affirmed and remanded.

CASANUEVA and MORRIS, JJ., Concur.