NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

SCOTT EUGENE ROMINE,                )
                                    )
           Appellant,               )
                                    )
v.                                  )          Case No. 2D15-187
                                    )
STATE OF FLORIDA,                   )
                                    )
           Appellee.                )
                                    )
_____     )

Opinion filed December 16, 2015.

Appeal from the Circuit Court for Manatee
County; Edward Nicholas, Judge.

Howard L. Dimmig, II, Public Defender, and
Bruce P. Taylor, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, for Appellee.


MORRIS, Judge.

            Scott Eugene Romine appeals the revocation of his probation for one

count of aggravated assault and one count of battery, as well as his resulting twenty-

four-month prison sentence.  Romine's counsel, concluding that there was no

meritorious argument to support the contention that the trial court committed reversible

error, filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967). Our independent review of the record reveals a technical error which does not affect the outcome of the case, and we therefore affirm the revocation and resulting sentence. However, we must remand for entry of a corrected revocation order.

> "Probation can be revoked upon a finding that a violation is willful and substantial." <u>Wharton v. State</u>, 136 So. 3d 632, 634 (Fla. 2d DCA 2013) (citing <u>Parker v. State</u>, 980 So. 2d 1223, 1224 (Fla. 2d DCA 2008)). "While . . . we review the trial court's finding of a willful and substantial violation for competent[,] substantial evidence, our standard of review for the trial court's decision to revoke probation is abuse of discretion." <u>Savage v. State</u>, 120 So. 3d 619, 623 (Fla. 2d DCA 2013).

<u>Carrington v. State</u>, 168 So. 3d 285, 286 (Fla. 2d DCA 2015) (alteration in original).

Here, the revocation order states in relevant part that Romine violated condition twelve "as stated in Sworn Amended Affidavit dated 8/25/14." The revocation order also states that Romine "previously admitted violation of probation." The Amended Affidavit of Violation, in turn, lists two violations of condition twelve: the violation of an injunction and having contact with the victim (Romine's estranged wife) or the victim's family on or about July 12, 2014, and again on or about August 18, 2014, via written communication with the victim while Romine was incarcerated in the Manatee County jail.[1]

The revocation order is problematic, however, because at the violation of probation hearing, Romine only specifically admitted to one violation of condition twelve arising out of his contact with the victim on or about July 12, 2014. There was no

---

[1]The affidavit also alleged a violation of condition five for failing to live and remain at liberty without violating the law by committing the offense of Violation of an Injunction.

discussion during the hearing regarding any additional violations of condition twelve or the specific allegation that Romine contacted the victim via written communication on or about August 18, 2014.

However, at the sentencing hearing, the State provided a letter to the court that purportedly was the letter from Romine to the victim. The prosecutor asserted "It's part of the violation, [and] I just wanted the Court to be aware of it." The State then called the estranged wife as a witness, and she testified that Romine had continuously tried to contact her since the injunction was imposed. Thereafter, the trial court inquired whether there were two separate alleged violations, one on July 12, 2014, and another "later on in the summer on the 20th."[2] The prosecutor responded "Yes, Judge" and explained that "numerous letters were sent, and the State charged the defendant with [that] letter, and he's pled to both incidents of that contact." The trial court then asked both the prosecutor and defense counsel to confirm that "the alleged violation of the injunction post-July 12 was the result of the written contact," and they both confirmed that that was correct.

In preparing to sentence Romine, the trial court indicated that it had read multiple letters from Romine to the victim. But notably, the trial court did not make a finding of guilt regarding an additional violation of condition twelve. Instead, the trial court referred back to the violation hearing, finding that Romine's admission was "freely and voluntarily entered" and that "there was a factual basis for the violation of Condition

---

[2]The date discrepancy might be the result of a statement in the affidavit of violation that Romine was arrested on August 20, 2014, for having contact with the victim via written communication on August 18, 2014. The discrepancy is not dispositive.

- 3 -

12 and Condition 5."  The trial court then revoked Romine's probation and imposed the sentence.

Based on our reading of the transcripts, we conclude that although the State originally charged Romine with violating condition twelve on two occasions, Romine only specifically admitted to one violation that occurred on July 12, 2014.  He never admitted to an additional violation arising from his letter that was sent on or about August 18, 2014.  And while the sentencing hearing transcript reflects that the parties discussed the letter in detail prior to imposition of Romine's sentence, there was no separate plea colloquy conducted on the allegation involving the letter in contrast to the plea colloquy conducted at the violation hearing regarding the July 12, 2014, incident. Further, there was no separate determination of guilt regarding the August 18, 2014, violation.  Consequently, Romine's probation could not be revoked on the basis of a violation of condition twelve for having written communication with the victim on or about August 18, 2014.

We acknowledge that our record does not reflect that Romine has filed any post-plea motions preserving this issue.  However, a revocation that is " 'based partly on a purported violation that was not proved or admitted constitutes fundamental error.' "  Casas v. State, 27 So. 3d 203, 205 (Fla. 2d DCA 2010) (quoting Odom v. State, 15 So. 3d 672, 678 (Fla. 1st DCA 2009)).  Thus on remand, the trial court must correct the revocation order by clarifying that Romine only admitted to one violation of condition twelve.

The correction does not require a reversal, however, because Romine admitted to one violation of condition five along with one violation of condition twelve,

and it is clear from the record that the trial court would have revoked probation even without its reliance on the additional violation of condition twelve.  Consequently, we affirm the revocation of Romine's probation and his resulting prison sentence.  See Lee v. State, 67 So. 3d 1199, 1201 (Fla. 2d DCA 2011).

Affirmed; remanded with instructions.


KHOUZAM and BADALAMENTI, JJ., Concur.