IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

July 6, 2016


JAMON D. WARE,                              )
                                           )
          Appellant,                       )
                                           )
v.                                         )          Case No. 2D14-2567
                                           )
STATE OF FLORIDA,                          )
                                           )
          Appellee.                        )
_____)

BY ORDER OF THE COURT:

          Upon the court's own motion,

          IT IS ORDERED that the opinion dated April 29, 2016, is withdrawn and the

attached opinion is substituted therefor.  The revised opinion eliminates footnote 2 and

cites to the decision in State v. Queior, 41 Fla. L. Weekly S154 (Fla. Apr. 21, 2016).

The remainder of the opinion is unchanged, as is the result.

          No further motions for rehearing will be entertained in this appeal.

I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.



MARY ELIZABETH KUENZEL, CLERK

JAMON D. WARE,                          )
                                        )
          Appellant,                    )
                                        )
v.                                      )          Case No. 2D14-2567
                                        )
STATE OF FLORIDA,                       )
                                        )
          Appellee.                     )
                                        )
_____ )

Opinion filed July 6, 2016.

Appeal from the Circuit Court for
Hillsborough County; Kimberly K.
Fernandez, Judge.

Howard L. Dimmig, II, Public Defender, and
Lisa Lott, Assistant Public Defender, Bartow,
for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Chelsea S. Alper,
Assistant Attorney General, Tampa, for
Appellee.


WALLACE, Judge.

          Jamon D. Ware appeals an order revoking his community control in seven

cases following an evidentiary hearing and his new judgments and sentences for the

underlying offenses imposed after revocation.  Because the evidence presented by the

State was sufficient to establish a willful and substantial violation of the terms and

conditions of Mr. Ware's community control, we affirm the order of revocation and the

new judgments and sentences in all respects except one. We direct the trial court on remand to correct Mr. Ware's sentences to reflect his youthful offender designation.

In March 2013, Mr. Ware entered guilty pleas in each of seven cases. In accordance with his plea agreement, the trial court withheld adjudication of guilt and sentenced him as a youthful offender to concurrent terms totaling twenty-four months' community control followed by four years' probation. In February 2014, an affidavit of violation of community control was filed in the seven cases alleging that Mr. Ware had violated condition five of his community control by committing the new law offense of possession of cocaine on February 1, 2014.

The trial court held an evidentiary hearing on the alleged violation. At the hearing, the arresting officer testified that during a search of Mr. Ware's person, he found a clear, plastic baggie tied in a knot that contained a white, "powdery" substance. The officer also testified over defense objection that—based on the officer's training and substantial experience—the substance that he had seized from Mr. Ware was powder cocaine. The arresting officer testified further that a field test on the substance was positive for cocaine. Finally, the State introduced into evidence over defense counsel's objection a report of a chemical analysis performed on the substance by the Florida Department of Law Enforcement (the FDLE). The FDLE report also showed that the substance seized from Mr. Ware was cocaine.

Mr. Ware did not present any evidence to contradict the State's proof that the white powder in the baggie was cocaine. Instead, Mr. Ware's defense was that he was unwittingly in possession of the baggie and the substance contained in it. According to Mr. Ware, he had woken up late on the morning of his arrest. Hurriedly

getting dressed to leave the house, he had grabbed and put on a jacket that belonged to his brother, unaware that the baggie with the white powder was in one of the jacket's pockets.

At the conclusion of the hearing, the trial court found that the State had proven by a preponderance of the evidence that Mr. Ware had violated condition five of his community control by committing the new law offense of possession of cocaine on February 1, 2014. The trial court determined that it would revoke Mr. Ware's community control in all seven cases and it proceeded to adjudicate him guilty and to sentence him for the underlying offenses in each case. In all, Mr. Ware received a total of eight five-year prison sentences and four ten-year prison sentences. The sentences were all designated to run concurrently.

During the sentencing hearing, defense counsel pointed out that "[e]ven though the court has exceeded the six-year cap . . . Mr. Ware was originally sentenced as a [youthful offender]"; thus the trial court was required to maintain his youthful offender status. The trial court agreed that Mr. Ware would not lose his designation as a youthful offender. Nevertheless, the written sentences imposed after the revocation of community control do not reflect Mr. Ware's status as a youthful offender.

On appeal, Mr. Ware raises two points. First, he argues that the trial court erred in revoking his community control because the only nonhearsay evidence submitted by the State at his violation hearing was insufficient to establish his possession of cocaine on February 1, 2014. Second, Mr. Ware contends that the trial court erred in sentencing him because his sentences do not comport with its pronouncement that he would retain his youthful offender status.

On his first point, Mr. Ware asserts that both the field test and the FDLE laboratory report indicating that the substance found in Mr. Ware's possession was cocaine were hearsay.[1]  Thus the only nonhearsay evidence of his possession of cocaine was the arresting officer's testimony that the substance was cocaine.  However, Mr. Ware argues, the arresting officer was not competent to testify that the substance was cocaine and his testimony failed to establish that fact.  We conclude that the State presented sufficient evidence to establish the violation charged for two reasons.

First, we disagree that the arresting officer's testimony about the performance of the field test and its result was hearsay.  The arresting officer personally observed another officer performing the test, and he personally interpreted the result of the test based upon the change in color on application of the chemical contained in the field test to the substance recovered from Mr. Ware.  Thus the arresting officer's testimony concerning the performance of the field test and its result was not hearsay because the testimony was based upon his personal observations and knowledge.

Second, based on a consideration of the totality of the evidence, we reject Mr. Ware's argument that the evidence was insufficient to establish the violation charged.  Granted, we are inclined to doubt whether the arresting officer's description of the substance seized from Mr. Ware as white and "powdery" is sufficient to distinguish it from other white powders such as flour, powdered sugar, or heroin.  Cf. Weaver v. State, 543 So. 2d 443 (Fla. 3d DCA 1989) (holding that police officers' belief that the white powder sold to them by the probationer was heroin was insufficient to support the

---

[1]Mr. Ware did not object during the violation hearing to the admission of the officer's testimony about the field test results on the basis that the testimony was hearsay.

- 4 -

revocation of probation in the absence of any scientific testing or other evidence establishing that the substance was heroin such as the officers' sense of smell, taste, or touch), disapproved on other grounds by State v. Queior, 41 Fla. L. Weekly S154 (Fla. Apr. 21, 2016). The parties have not cited, and our independent research has not disclosed, any Florida case in which a court has found that powder cocaine possesses sufficiently distinct characteristics to render it amenable to identification by nonchemical means. Thus it is doubtful whether the arresting officer's testimony—based on his training and experience—is sufficient when considered independently of other evidence to establish that the substance in Mr. Ware's possession was cocaine. However, because the State also introduced the results of both the field test and the FDLE laboratory report into evidence, we conclude that the totality of the evidence—including the hearsay and the nonhearsay evidence—was sufficient to establish Mr. Ware's possession of cocaine by the greater weight of the evidence. See Queior, 41 Fla. L. Weekly at S156 ("[G]iven the established reliability of field drug tests and their commonplace use in VOP proceedings, which are subject to relaxed evidentiary standards and a lesser burden of proof than a criminal trial, requiring the State to trot out an expert in a case . . . where the field test has been confirmed by a lab test is unnecessary to satisfy the conscience of the court that a probation violation has, in fact, occurred."); see also Russell v. State, 982 So. 2d 642, 647 (Fla. 2008) (holding that the State need not independently establish every aspect of a violation with nonhearsay evidence; "the trial court must assess the credibility of the particular witnesses, the reliability of the available evidence, and the totality of the evidence under the circumstances in each individual case").

On Mr. Ware's second point, we note that following a revocation, "the sentencing court must maintain the defendant's youthful offender status upon resentencing for a violation of probation even when the violation was substantive." Yegge v. State, 88 So. 3d 1058, 1059-60 (Fla. 2d DCA 2012); see also Gadson v. State, 160 So. 3d 496, 496 (Fla. 2d DCA 2015) (quoting Yegge for the foregoing proposition). In addition, a defendant's written sentence must comport with the trial court's oral pronouncement of sentence. Rivera v. State, 117 So. 3d 449, 449 (Fla. 2d DCA 2013). Mr. Ware preserved this point by filing a motion under Florida Rule of Criminal Procedure 3.800(b)(2) to correct sentencing error in the trial court raising this argument. The trial court failed to timely rule on the motion, and it is deemed denied. See Fla. R. Crim. P. 3.800(b)(2)(B). The State properly concedes error. Therefore, Mr. Ware is entitled to have his sentences corrected to reflect his youthful offender status.

For the foregoing reasons, we affirm the revocation of Mr. Ware's community control and the new judgments and sentences imposed following revocation. On remand, the trial court is directed to correct Mr. Ware's written sentences to reflect his youthful offender designation.

Affirmed; remanded for correction of sentences.


SILBERMAN and MORRIS, JJ., Concur.