NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

GUERLINE JEAN JAQUES a/k/a       )
GUERLINE JEAN-JAQUES,            )
DOC #Y51791,                     )
                                 )
            Appellant,           )
                                 )
v.                               )       Case No. 2D16-2404
                                 )
STATE OF FLORIDA,                )
                                 )
            Appellee.            )
                                 )

Opinion filed August 30, 2017.

Appeal from the Circuit Court for Lee
County; Bruce E. Kyle, Judge.

Howard L. Dimmig, II, Public Defender,
and Pamela H. Izakowitz, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Wendy Buffington,
Assistant Attorney General, Tampa, for
Appellee.


ROTHSTEIN-YOUAKIM, Judge.

            Guerline Jean Jaques appeals the revocation of her probation and the

resulting sentences in five separate circuit court cases.  We reject without comment

Jaques's argument that the circuit court abused its discretion in revoking her probation.

However, we agree—and the State properly concedes—that the circuit court erred at resentencing in failing to continue the youthful-offender status originally assigned to her in those five cases.  See Ware v. State, 197 So. 3d 1147, 1150 (Fla. 2d DCA 2016) ("[F]ollowing a revocation, 'the sentencing court must maintain the defendant's youthful offender status upon resentencing for a violation of probation even when the violation was substantive.' " (quoting Yegge v. State, 88 So. 3d 1058, 1059-60 (Fla. 2d DCA 2012))).  Jaques preserved this argument by moving to correct the error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2); the motion was deemed denied when the circuit court failed to timely rule on it.  See Fla. R. Crim. P. 3.800(b)(2)(B). Accordingly, we affirm the circuit court's revocation of Jaques's probation and the resulting sentences but remand for the court to correct Jaques's written sentences to reflect her continuing youthful-offender status.

Affirmed; remanded with directions.

WALLACE and SLEET, JJ., Concur.