DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SERAPHIN EXANTUS**,
Appellant,

v.

**STATE OF FLORIDA**,
Appellee.

Nos. 4D16-3937, 4D16-3967 and 4D16-4099

[June 13, 2018]

Consolidated appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Paul L. Backman, Judge; L.T. Case Nos. 11-1991 CF10A, 12-15755CF10A and 12-16269CF10A.

Carey Haughwout, Public Defender, and Melanie L. Casper, Special Assistant Public Defender, Boca Raton, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

In this appeal of three consolidated cases, the Defendant appeals his judgment and sentence revoking probation. We affirm in part and reverse in part.

The State charged the Defendant in three separate cases: in the first, the Defendant was charged with aggravated battery of a law enforcement officer, aggravated assault with a firearm, and aggravated fleeing and eluding; in the second, the Defendant was charged with aggravated battery on a pregnant female; and in the third, he was charged with carrying a concealed firearm. He pleaded no contest in each, and the court sentenced him to three years' imprisonment followed by two years' probation. The court sentenced him as a youthful offender.

After serving his prison sentence and while on probation, he was arrested for multiple violations of probation (VOP). Following a VOP hearing, the court made findings as to each violation and found him guilty of each. The court then sentenced him to: twenty-five years' imprisonment

and 81.15 months, with credit for 804 days, on the first case; fifteen years' imprisonment, with credit for 680 days, in the second case; and 81.15 months' imprisonment, with credit for 680 days, on the third case. Notably, the court declined to resentence the Defendant as a youthful offender, noting that he "got very lucky" with the assignment of a different judge in the prior case and that he "would not be so lucky this time."

On appeal, the Defendant argues the court erred when it failed to sentence him as a youthful offender, and the State concedes error. Even if a youthful offender commits a substantive violation of probation, a "court must maintain the defendant's youthful offender status upon resentencing for a violation of probation." *Yegge v. State*, 88 So. 3d 1058, 1060 (Fla. 2d DCA 2012). Thus, the court erred when it failed to resentence the Defendant as a youthful offender.

Next, the Defendant argues the court erred by failing to file formal written revocation of probation orders consistent with the court's oral ruling. The State again agrees with the Defendant, stating "[t]he trial court found that [the Defendant] committed multiple violations of probation and entered a disposition order finding [the Defendant] violated probation, but it failed to enter a written order of violation of probation," and a written order should be entered. On remand, the court should enter a written order of violation of probation.

Finally, the Defendant argues the State failed to prove a violation of probation by the greater weight of the evidence. On this issue, we affirm without further comment.

*Affirmed in part; reversed in part; remanded.*

GROSS and TAYLOR, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***

2