NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MARTHA M. MILLER,                    )
                                     )
            Appellant,               )
                                     )
v.                                   )          Case No. 2D17-3931
                                     )
STATE OF FLORIDA,                    )
                                     )
            Appellee.                )
_____)

Opinion filed August 31, 2018.

Appeal from the Circuit Court for
Hillsborough County; Ronald Ficarrotta,
Judge.

Howard L. Dimmig, II, Public Defender and
Kevin Briggs, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, for Appellee.


PER CURIAM.


        In this appeal pursuant to Anders v. California, 386 U.S. 738 (1967), we

affirm the judgment and sentence imposed by the trial court following the revocation of

Ms. Miller's probation without comment.  However, our independent review of the record

reveals a technical error which does not affect the outcome of the case but for which we must remand for entry of a corrected revocation order.

The revocation order states in relevant part that Ms. Miller "admitted violating Conditions (5), (7) and the Order of Modification of Probation."  However, Ms. Miller did not admit to violating the order of modification.  Accordingly, we affirm Ms. Miller's judgment and sentence; however, we remand with directions that the trial court correct the revocation order to reflect only that Ms. Miller admitted to violating conditions five and seven of her probation.  See Rodgers v. State, 171 So. 3d 803, 803 (Fla. 2d DCA 2015) ("When a trial court relies on both proper and improper grounds for revocation but it is clear from the record that the trial court would have revoked probation even without the existence of improper grounds, this court and others have affirmed the revocation of probation and remanded for entry of a corrected revocation order." (quoting Lee v. State, 67 So. 3d 1199, 1201 (Fla. 2d DCA 2011))).

Affirmed; remanded with instructions.


LaROSE, C.J., and SILBERMAN and LUCAS, JJ., Concur.