NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ANDREW L. WILSON, III,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Appellant,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀Case No. 2D17-1590
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
STATE OF FLORIDA,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Appellee.⠀⠀⠀⠀⠀)
_____)

Opinion filed January 4, 2019.

Appeal from the Circuit Court for
Hillsborough County; Daniel L. Perry,
Judge.

Howard L. Dimmig, II, Public Defender,
and Robert D. Rosen, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and John M. Klawikofsky,
Assistant Attorney General, Tampa, for
Appellee.


ROTHSTEIN-YOUAKIM, Judge.

⠀⠀⠀⠀⠀⠀Andrew L. Wilson, III, appeals from the March 2017 order revoking his

probation based on his alleged failure to comply with the special condition that he enter

and successfully complete the ACTS Dual-Diagnosis treatment program.  Wilson

argues that the trial court improperly revoked his probation based solely on hearsay.

During the pendency of this appeal (indeed, long before even the initial brief was filed), Wilson completed the thirteen-month prison sentence imposed upon revocation, and we ordered him to show cause why the appeal should not be dismissed as moot.  See Bush v. State, 135 So. 3d 1108, 1110 (Fla. 2d DCA 2013) (on reh'g) (explaining that the appeal of a probation revocation may not be moot upon the defendant's completion of his sentence on revocation if the defendant faces collateral consequences stemming from the revocation itself).  Having received Wilson's response, we dismiss the appeal as moot.

Wilson first argues that his appeal is not moot because "it is at least arguable that he can avoid liability for certain incarceration costs and other correctional costs."  Here, however, he is simply quoting Bush, 135 So. 3d at 1110—which we cited in our order to show cause—back to us.  This was Wilson's opportunity to identify any incarceration and correctional costs for which he is liable, even arguably, and he failed to avail himself of it.

Wilson also argues that if he is convicted of another offense in the future, particularly a sex offense, this revocation of probation may expose him to a harsher penalty or render it less likely for him to be sentenced to probation in that case.[1]  We hope that Wilson's pessimistic speculation remains just that.  But even if it is instead prescient, we are hard-pressed to conclude that this revocation for failure to comply with a special condition involving treatment, rather than Wilson's recidivism and repeated violations of probation over his approximately thirty-year criminal history—which includes convictions for, among other things, grand theft, possessing cocaine, false

---

[1]Wilson has never been convicted of a sex offense.

imprisonment, aggravated fleeing and eluding, and robbery with a gun or deadly weapon—will be the straw that breaks the camel's back.

Finally, Wilson argues that if he is correct in his challenge to the revocation, he is "entitled to have justice done" and "an opinion on the merits of this case would provide guidance to the lower court should this issue arise again in the future." As to the former, we emphasize that Wilson is challenging not a conviction but a revocation of his probation, and that revocation was based not on a new law offense but on the alleged violation of a special condition involving treatment—any "justice" interest in the outcome is, at this point, negligible. As to the latter, the law is already well established that a trial court may not revoke probation based solely on hearsay. See, e.g., Russell v. State, 982 So. 2d 642, 646 (Fla. 2008); Carrington v. State, 168 So. 3d 285, 287 (Fla. 2d DCA 2015); Casas v. State, 27 So. 3d 203, 206 (Fla. 2d DCA 2010); Boyd v. State, 1 So. 3d 1186, 1187 (Fla. 2d DCA 2009). Another opinion to that effect will add little, if anything, to the mix.

Accordingly, this appeal is dismissed as moot.

KELLY, J., Concurs.
SILBERMAN, J., Concurs in result only.