# Third District Court of Appeal
## State of Florida

Opinion filed October 25, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1579
Lower Tribunal No. 15-897-A-K
_____

**Randy Fisher,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Monroe County, Mark Wilson, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Kseniya Smychkouskaya, Assistant Attorney General, for appellee.

Before LOGUE, C.J., and FERNANDEZ and LINDSEY, JJ.

LOGUE, C.J.

<u>ON MOTION TO DISMISS</u>

This matter is before us on the State of Florida's motion to dismiss. Randy Fisher appeals the trial court's sentence imposed after his second violation of probation. Fisher, however, finished serving the subject sentence during the pendency of this appeal. For this reason, we dismiss the appeal as moot. See York v. State, 313 So. 3d 707, 709 (Fla. 2d DCA 2020) ("Where a sentence has been completed, any errors in that sentence are typically rendered moot."); Godwin v. State, 593 So. 2d 211, 212 (Fla. 1992) ("An issue is moot when the controversy has been so fully resolved that a judicial determination can have no actual effect."). See also Zynda v. State, 847 So. 2d 1140, 1140-41 (Fla. 3d DCA 2003) (holding that the appeal of an order denying defendant's motion for additional credit for time served as moot because the defendant was released from custody during pendency of appeal).

Fisher argues that the appeal is not moot because he still has pending fees and fines "in connection with the [subject August 18, 2022] probation violation proceedings . . . ." It is true that "an otherwise moot case will not be dismissed if collateral legal consequences that affect the rights of a party flow from the issue to be determined." Godwin, 593 So. 2d at 212. However, the State maintains that the $763 in fees Fisher claims were imposed on August 18, 2022, were actually part of the fees imposed at Fisher's original

2

sentencing on October 11, 2016. No fees were imposed on August 18, 2022, the date of the sentence being challenged. The State's representations are supported by the record before us. We thus grant the State's motion to dismiss the appeal as moot. See Wilson v. State, 268 So. 3d 820, 820-21 (Fla. 2d DCA 2019) (defendant's appeal deemed moot as he had successfully completed his sentence during the pendency of his appeal, and he was unable to identify any tangible collateral legal consequences).

Dismissed.