# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-2351
Lower Tribunal No. 19CF000538AOS

_____

JAFET MANUEL ANDRILLON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Osceola County.
Tanya Davis Wilson, Judge.

November 8, 2024

PER CURIAM.

Jafet Manuel Andrillon timely appeals the order revoking his probation and the resulting judgment and sentence imposed by the trial court after a bench trial. The court found that the State established by the preponderance of the evidence that Andrillon had substantially and willfully violated condition five of his probation by committing the criminal offenses of grand theft of a motor vehicle, carrying a concealed weapon, and possession of burglary tools, as well as the special condition

of his probation that imposed a mandatory curfew between 10:00 p.m. and 6:00 a.m. each day.

We affirm, without further discussion, the court's ruling that Andrillon violated his probation by committing the offenses of grand theft of a motor vehicle and carrying a concealed weapon, as well as violating his court-ordered curfew; however, we conclude that the evidence was insufficient to prove that Andrillon violated his probation by committing the criminal offense of possession of burglary tools. We nevertheless affirm the revocation of Andrillon's probation and his prison sentence. *See Romine v. State*, 184 So. 3d 1172, 1174 (Fla. 2d DCA 2015) (affirming revocation of probation and the resulting prison sentence where it was clear from the record that the trial court would have revoked probation and imposed the same sentence without its reliance on the violation of the condition of probation that was found not to be supported on appeal).

During the pendency of this appeal, Andrillon timely filed a Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct sentencing errors in both the trial court's order revoking probation and its judgment assessing court costs. Although the trial court did enter an order granting Andrillon's motion, it did not do so within sixty days of the motion. Resultingly, under this rule, the motion is deemed denied, *see Summerson v. State*, 374 So. 3d 898, 899 (Fla. 6th DCA 2023) (recognizing that under rule 3.800(b)(2), when the trial court does not rule on the motion to correct

2

sentencing error within sixty days it is deemed denied by the passage of time); and the order is a nullity. *See Sirmons v. State*, 264 So. 3d 958, 959 (Fla. 4th DCA 2019) ("Because the trial court entered the amended sentencing order more than sixty days after the motion was filed, the order was entered without jurisdiction and is a nullity."). The trial court is directed to enter a corrected order of revocation of probation and corrected judgment of costs, following our mandate, consistent with its belated order and our decision today. Andrillon need not be present for these ministerial corrections.

AFFIRMED; REMANDED for further proceedings consistent with this opinion.

TRAVER, C.J., and WOZNIAK, J., and LAMBERT, B.D., Associate Judge, concur.


Howard L. "Rex" Dimmig, II, Public Defender, and Daniel Muller, Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Stephen R. Putnam, Jr., Assistant Attorney General, Daytona Beach, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED