# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2024-2204
LT Case No. 2018-CF-000282-A

———————————————

FRANCES ANNETTE GONZALEZ,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

———————————————

On appeal from the Circuit Court for Sumter County.
Paul L. Militello, Judge.

Matthew J. Metz, Public Defender, and Teresa D. Sutton,
Assistant Public Defender, Daytona Beach, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Whitney
Brown Hartless, Assistant Attorney General, Daytona Beach, for
Appellee.

April 11, 2025

PER CURIAM.

Appellant challenges the revocation of her probation. We
affirm but remand for the trial court to enter a corrected order.

The State charged Appellant with three drug offenses. She
negotiated a plea agreement with the State. Under the agreement,
she pleaded no contest to the charges in exchange for a four-year

term of drug offender probation. Her probation officer later filed an affidavit alleging that she violated probation by using a controlled substance. Appellant entered a written admission and confirmed her violation in a sworn colloquy. The court announced that it would hold her sentence in abeyance and enroll her in drug treatment court. The court explained that failing to complete the program would result in sentences up to the statutory maximums for her crimes. It released her on the condition that she follow the drug court's instructions and warned her not to be like other drug court enrollees who "flew the coop." Appellant verified her understanding of these facts and signed a drug court participation agreement.

Appellant's probation officer filed an affidavit alleging several more violations. At the hearing that followed, Appellant did not admit these additional violations, and the court did not discuss them with her. Instead, the court focused on her earlier admission and failed drug court participation. Appellant freely conceded that she did not complete drug court. She also answered affirmatively when the court asked if she had been hiding from her warrant and the court. Defense counsel agreed that there was no valid explanation for Appellant's lack of drug court participation. The court revoked Appellant's probation and sentenced her to prison. It entered a judgment and sentence as well as a revocation order.

The order indicates that Appellant committed the violations alleged in the second affidavit—that is, those she never admitted. Therefore, she argues that her revocation is unlawful, reasoning that the court found violations that are not supported by an admission or evidence. She overstates the nature of the court's purported error. The record is clear that the court revoked her probation because of her admitted violation and subsequent concession that she failed to participate in drug court while her sentence was in abeyance. *Cf. Connell v. State*, 321 So. 3d 923, 924–25 (Fla. 5th DCA 2021) (reversing revocation because the court did not allow the defendant a fair opportunity to challenge the State's allegations—which the defendant disputed—that led to his termination from mental health court). Following this lawful revocation, the court committed a scrivener's error by entering an order that did not match its oral pronouncement. This requires remand but not reversal. *See Brockhaus v. State*, 325 So. 3d 122,

123 (Fla. 5th DCA 2020) ("Normally, the erroneous citation to a probation condition is considered a scrivener's error that has been found to be harmless."); *Daniels v. State*, 200 So. 3d 195, 195–96 (Fla. 5th DCA 2016) (affirming revocation but remanding for the entry of an order that correctly identified the condition that the defendant admitted violating); *Romine v. State*, 184 So. 3d 1172, 1173–74 (Fla. 2d DCA 2015) (affirming revocation but remanding for the court to correct its revocation order where the State alleged—and the order found—multiple violations of a condition but the record reflected only one admission). On remand, the court shall enter an order that accurately reflects why it revoked Appellant's probation.

AFFIRMED; REMANDED with instructions.

MAKAR, WALLIS, and JAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

3